## LYNDE-BOWMAN-DARBY CO. v. HUFF.

No. 1875.  Opinion Filed June 25, 1912.

(124 Pac. 1085.)

1.  **APPEAL AND ERROR—Review—Trial by Court.** Where, on the trial of a cause to a court without a jury, the evidence reasonably sustains the decision rendered, this court will not reverse it.

2.  **TRIAL—Trial by Court—Findings.** Overruling a demurrer to plaintiff's evidence on the trial of a cause to a court without a jury does not preclude it at the conclusion of all of the evidnece from finding, on the whole case, that plaintiff had failed to sustain his cause.

3.  **SAME—Right to Open and Close—Waiver.** Where counsel on the trial of a cause failed at the time to demand the right to open and close the argument, error, if any, committed by the trial court in the procedure adopted is waived.

(Syllabus by the Court.)

*Error from District Court, Muskogee County;*
*John H. King, Judge.*

Action by the Lynde-Bowman-Darby Company against J. L. Huff.  Judgment for defendant, and plaintiff brings error.  Affirmed.

*Roach & Bradley,* for plaintiff in error.

*J. A. Anderson,* for defendant in error.

DUNN, J.  This case presents error from the district court of Muskogee county.  The suit was originally instituted in the United States Court for the Western District of the Indian Territory at Muskogee on the equity side of the docket by plaintiff in error, as plaintiff, against the defendant to set aside a certain decree entered in that court vesting title to the land in controversy in defendant on the ground that the said decree was obtained in fraud of the right and title of plaintiff to the said land.  Prior to the filing of this suit, and in 1905, Thomas Lucky had executed and delivered to the defendant, J. L. Huff, an instru-

ment which, on its face, appeared to be a warranty deed for the land. Several months after the execution of the said instrument, Thomas Lucky with Sarah Lucky, his wife, brought suit against the defendant to have the said deed declared a mortgage, and as such canceled for want of consideration. The issues in the case were made up, and the same was by the court referred to a master in chancery. The evidence was taken, and on April 30, 1907, the master reported in favor of the plaintiff. In the said action Thomas Lucky was represented by Messrs. De Roos Bailey and Thomas H. Owen, while the defendant was represented by P. C. West, Esq. November 22, 1906, and prior to the report made by the said master, Thomas Lucky sold and conveyed the property in controversy to his wife, Sarah Lucky, who, on February 1, 1907, which was also prior to the report made by the said master, and while the suit was still pending, sold the same to the plaintiff, whose deed was filed for record in the proper office on February 20, 1907. After the master had made his finding and his report had been filed, and on October 14, 1907, the said plaintiffs, Thomas Lucky and Sarah Lucky, and J. L. Huff entered into a contract looking to a settlement of the litigation. This it is claimed by counsel for plaintiff was done without the knowledge or consent of the plaintiff in this cause, and without the knowledge or consent of the then attorneys for the Luckys, and counsel who had represented Huff from the institution of the suit was supplanted by his present counsel. The contract entered into by the said parties stipulated for payment of $500 to the Luckys and the assumption of a mortgage of $900, and the dismissal of the action. A decree based thereon was drawn by counsel called into the case by the defendant, predicated upon this contract, under which the land in controversy was secured to the defendant Huff. After the disposition of the cause the plaintiff herein filed a motion to interplead, which was denied. Thereafter, and on the 21st day of October, 1907, this plaintiff filed in the United States Court for the Western District of the Indian Territory, sitting at Muskogee, its complaint in equity to which, after demurrer was filed and overruled, defendant filed answer setting up a general denial, and on these issues

the cause was tried at the January, 1910, term of the district court in and for Muskogee county, Okla., to which it had been transferred after statehood. At the conclusion of plaintiff's testimony, the defendant interposed a demurrer which was by the court overruled, and the defendant then introduced his testimony and the plaintiff its rebuttal, and upon the conclusion thereof defendant filed a paper which he denominated, "Motion for Nonsuit," which demanded judgment in defendant's favor for the reason, among others, that the plaintiff had failed to establish fraud in connection with the settlement of the suit between Thomas and Sarah Lucky and J. L. Huff, or in the signing of the stipulation on which the said decree was entered.

Plaintiff makes seven assignments of error in this court, which may be reduced to three: First, that the court erred in rendering its judgment finding that plaintiff failed to establish fraud in connection with obtaining the decree; second, that the court erred in rendering its judgment in favor of the defendant upon the so-called motion for nonsuit, for the reason that, at the conclusion of plaintiff's testimony in chief, the court had overruled his demurrer to plaintiff's evidence; third, that the court erred in rendering its judgment upon the so-called motion for nonsuit after the introduction of the testimony on all sides, for the reason that the interposition of the said motion deprived the plaintiff of opening and closing the argument of the said cause upon its merits.

In addition to the able briefs filed by counsel in this cause, the court has had the benefit of an oral argument, and a careful consideration of the contentions made by counsel at that time, as well as in their briefs, and an examination of the record has led us to the conclusion that sufficient grounds have not been shown to justify us in reversing the finding, judgment, and decree of the trial court. Counsel for plaintiff in their brief argue that scrutiny of the record by this court, removed as it is from close personal acquaintanceship with the more or less prominent parties who are connected with the perpetration of the fraud charged, will in their judgment result in a different conclusion from that of the trial court.

The case was tried to the court without a jury, and an argument contained in the brief of counsel for plaintiff is that the trial court was acquainted with the different parties who had been participants in the transactions out of which the controversy grew, and by reason of this acquaintanceship and their prominence ·was deterred from doing its dúty. There is in our judgment no evidence to support such a contention, and, if the statement is true that the court did know all the parties, it was in a better position to pass upon the credibility of the witnesses who appeared before it than is this court with but the naked record. We cannot in appealed cases be triers of disputed facts or determine the credibility of witnesses who render conflicting evidence. The best we can do is to scan the record, and from it say whether there is evidence reasonably· tending to support the decision of the trial court; if there is, the matter is all at an end with us, and on this point the judgment is final.

We are not able to see that any fraud was committed on plaintiff by the parties to the suit settling it. Plaintiff knew they could do this when it bought the land during the time they were litigating about it. It expected to secure the benefit of a favorable decision for the Luckys, and that it did not is but another exemplification of the truth of the adage that "the best laid plans o' mice and men gang aft aglee," but we cannot see that in this instance it was the result of fraud on the part of this defendant, and so on this point we must agree with the trial court.

The second proposition raised, that the court erred when it sustained defendant's so-called motion for nonsuit after it had overruled a demurrer to plaintiff's evidence, is without merit. The action of the court at the conclusion of the trial was no more nor less than a finding that, on the whole evidence, the defendant, and not the plaintiff, was entitled to recover. The fact that the court had overruled a demurrer to plaintiff's evidence in no wise precluded it from finding for defendant, if, after hearing the whole case, it concluded plaintiff had not sustained its case by a preponderance of all the evidence.

As to the third assignment, it appears that the procedure adopted on the so-called motion for nonsuit resulted in giving counsel for defendant the opening and closing of the argument. An inspection of the record does not disclose that counsel for plaintiff requested the court for the right to open and close at the time when the motion was presented. This was necessary in order that counsel might avail himself of this point in this court. He could not sit by and permit his adversary to open and close, taking chances on the result, and then, finding it adverse to him, predicate error upon it. He should have demanded the right if he claimed it, and on its denial saved an exception and presented it to the trial court in a motion for new trial. Otherwise it is waived, even if error was committed.

Having carefully considered, therefore, all of the contentions of counsel, and finding no error in the record, the judgment and decree of the trial court is affirmed.

TURNER, C. J., and HAYES and KANE, JJ., concur; WILLIAMS, J., absent, and not participating.