# CONGDON v. McALESTER CARRIAGE & WAGON FACTORY.

No. 6085.   Opinion Filed January 25, 1916.

Rehearing Denied March 7, 1916.

(155 Pac. 597.)

1. **EVIDENCE—Burden of Proof—Determination From Pleadings— Right to Open and Close.** It has become the settled rule in this jurisdiction, in an action upon a note or verified account, where the answer of defendant does not attack the note or account, but either directly admits the same or has that legal effect and seeks to defend against it by alleging a breach of warranty in the article for the purchase of which the note or account was made, that the burden of proof is upon the defendant, which carries with it the right to first produce his testimony and also to open and close the argument, and it is also true that the burden of proof is determined by the pleadings.

2. **TRIAL—Argument—Right to Open and Close—Waiver—Admission.** The right to open and close the argument will be deemed waived, unless a timely request is made therefor at or before the beginning of the trial; and, unless the pleadings disclose the exact amount plaintiff is entitled to recover, the defendant should admit the exact amount in open court before he should be granted that right.

3. **SAME—Discretion.** Where the burden of proof was upon the defendant, but he did not claim the right to submit his evidence first or to open and close the argument until after the opening statements had been made to the jury and the plaintiff had produced the first witness and examined him at some length, **held,** coming at this stage of the trial, it was in the discretion of the court to grant or refuse the request.

4. **APPEAL AND ERROR—Discretionary Ruling—Introduction of Evidence—Argument.** A judgment will not be reversed on account of the denial of the right to first introduce evidence or to open and close the argument, unless it affirmatively appears that the discretion was abused and the party was prejudiced thereby.

(Syllabus by Mathews, C.)

*Error from District Court, Pottawatomie County;*
*Chas. B. Wilson, Judge.*

Action by the McAlester Carriage & Wagon Factory, a corporation, against R. W. Congdon. Judgment for plaintiff, and defendant brings error. Affirmed.

*Abernathy & Howell,* for plaintiff in error.

*Lydick & Eggerman* and *Irvin L. Wilson,* for defendant in error.

Opinion by MATHEWS, C.   This was an action upon an open account instituted in the district court of Pottawatomie county.   The parties will be designated as they appeared in the trial court.   In its petition the plaintiff alleged, in substance, that it was a corporation engaged in the manufacture of vehicles at McAlester, and that the defendant ordered from plaintiff three laundry wagons to be made especially for defendant, the price being $225 each; that the said wagons were manufactured for defendant in all respects as ordered and accepted by him; and that there remained due and unpaid thereon the sum of $600, as shown by itemized and verified attached account. The defendant answered by general denial, and further pleaded a breach in the warranty of said wagons, in that the same failed to come up to the written specifications and guaranty made by plaintiff.   After setting out the alleged defects at length and attaching copies of the written guaranty plaintiff alleged that he had been damaged in the sum of $250, and tendered into court the balance due, in the sum of $350.   To this answer, the plaintiff filed a general denial.   The cause was tried to a jury, which returned a verdict in favor of plaintiff for $200, and defendant prosecutes this appeal.

The trouble in the case arose in this way:   After the jury had been impaneled and the plaintiff had made its opening statement to the jury, followed by the statement

of defendant, and the first witness for plaintiff having been interrogated a short while by the plaintiff, the attorney for the defendant at this stage claimed the right to assume the affirmative and to open and close the case in both the introduction of the evidence and the argument to the jury, upon the grounds that plaintiff's account was admitted by the pleadings, and that the only issue to be submitted to the jury was whether or not the buggies in controversy failed to come up to the warranty, and that the burden of proof on this issue was upon the defendant.  The court overruled the objection and permitted the trial to proceed in the order in which it had begun both in the production of the evidence and in the argument to the jury, and this ruling of the court is the controlling assignment of error now urged by the defendant. After the defendant interposed the above request to open and close the case, the plaintiff was permitted, over the objection of defendant, to amend its petition, by attaching copies of the written specifications and warranty of the buggies, and inserting the allegation that the same were constructed according to the attached specifications and agreements.

We do not believe the amendments altered the status of the parties in the case, and the burden of proof remained where it was before the amendment. *Fifth Ave. Library Society v. Phillips,* 39 Okla. 799, 136 Pac. 1076.

It has become the settled rule in this jurisdiction, in an action upon a note or verified account, where the answer of defendant does not attack the note or account, but either directly admits the same, or has that legal effect and seeks to defend against it by alleging a breach of warranty in the article for the purchase of which the note or account was made, that the burden of proof is upon

the defendant, which carries with it the right to first produce his testimony and also to open and close the argument, and it is also true that the burden of proof is determined by the pleadingc. *Bass & Harbour Furn. & Carpet Co. v. Harbour*, 42 Okla. 335, 140 Pac. 956; *Fifth Ave. Library Society v. Phillips, supra; Spaulding Mfg. Co. v. Holiday*, 32 Okla. 823, 124 Pac. 35; *Spalding v. Howard*, 51 Okla. 402, 152 Pac. 106.

The account which was the basis of plaintiff's action, was duly verified, and defendant's answer was not verified, and this had the legal effect of admitting that the account itself was correct, and, as the only defense interposed was a breach of warranty which constituted new matter injected into the case by defendant, it became defendant's duty to assume the burden of proof, which gave him the right to produce his evidence before the rebuttal by plaintiff was heard, and also the right to open and close the argument, but this is a right that can be waived, and the authorities hold it is waived unless a timely request for that privilege is interposed, and this request must be made at the beginning of the trial. 38 Cyc. 1306.

In the case at bar, the defendant did not claim the right to open and close until after both sides had made lengthy opening statements to the jury and the plaintiff had begun the introduction of its evidence. It also developed that, after the filing of the action, at some time not disclosed by the pleadings, there had been a payment made, the amount of which the pleadings did not disclose. In order for defendant to have brought himself well within the rule giving him the right claimed, at the beginning of the trial he should have in open court admitted the exact amount still due upon the account, and the time that the same bore interest, if interest entered into it. He should

have left nothing to be proved by plaintiff in order to make out its case.

The proposition whether or not it is *per se* reversible error for the court to refuse a litigant the right to open and close the argument when the burden of proof is placed upon him presents a question difficult of solution, and one that has not been passed upon in this jurisdiction, and the difficulty is increased by the irreconcilable conflict in the authorities thereon in the other jurisdictions.

We find the proposition ably treated in the note in the case of *Cape Girardeau & Chester R. Co. v. Blechle* (234 Mo. 417, 137 S. W. 974) Ann. Cas. 1912D, 246. The effect of the denial of the right to open and close, as viewed by the different jurisdictions, is by the writer of said note classed under five heads, as follows:

"(1) In a large number of jurisdictions it is now well settled that in the case of a jury trial the right to open and close is a substantial legal right the denial of which constitutes reversible error"—followed in the following states: Alabama, Arkansas, California, Georgia, Indiana, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Nebraska, New York, South Carolina, Washington.

"(2) A considerable number of courts have taken the position that a ruling on the right to open and close is purely a question of practice, and that a refusal to accord the right is not a substantial and prejudicial error sufficient to warrant reversing a judgment and granting a new trial"—followed in the following jurisdictions: Colorado, Connecticut, District of Columbia, New Jersey, Pennsylvania.

"(3) The rule adopted in some jurisdictions is that the right to open and close is a matter of practice and rests in the discretion of the trial court, and that such discretion will not be controlled by an appellate court unless it

affirmatively appears that the discretion was abused and the opposite party was prejudiced thereby"—followed in the following jurisdictions: Illinois, Iowa, Minnesota, Missouri, New Hampshire, South Dakota, Tennessee, Virginia, Wisconsin, and Canada.

"(4)   In Texas and West Virginia it seems to be the rule that the denial of the right to open and close is not a ground for reversal if it is apparent from the record that no injury resulted, but that if it is not so apparent a new trial be granted.

"(5)   The courts in all jurisdictions are agreed that, where the denial of the right to open and close could not possibly have prejudiced the complaining party, the judgment will not be reversed."

Bearing in mind that it was the intention of the framers of our procedure, both civil and criminal, to eliminate all technical errors which do not affect the substantial rights of the litigants, we are constrained to adopt the third rule laid down above, and to hold that a judgment will not be reversed on account of the denial of the right to first introduce evidence or to open and close the argument, unless it affirmatively appears that the discretion was abused and the party was prejudiced thereby.

The statutes (Rev. Laws 1910) relied upon are as follows:

"Sec. 4791.  The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

"Sec. 5031.  No exception shall be regarded, unless it is material and prejudicial to the substantial rights of the party excepting."

The court properly charged the jury as to the burden of proof, and we fail to find that the defendant was prejudiced in the ruling of the court as set out and discussed above.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.