## CARSON *et al.* v. WALKER.

No. 5865.   Opinion Filed April 11, 1916.

(156 Pac. 1172.)

**VENDOR AND PURCHASER— Remedies of Purchaser—Recovery of Price Paid—Pleading.** A petition, alleging a cause of action for money had and received, seeking to recover the purchase price of real estate conveyed to plaintiff by defendants because of a total failure of the consideration by reason of the failure of title to said real estate, which fails to allege an offer to reconvey said real estate, is fatally defective and is vulnerable to a general demurrer.

(Syllabus by Rummons, C.)

*Error from District Court, Nowata County;*
*T. L. Brown, Judge.*

Action by George L. Walker against Tom Carson and another.   Judgment for plaintiff, and defendants bring error.   Reversed and remanded.

*W. D. Humphrey,* for plaintiffs in error.

*Tillotson & Elliott* and *Alva C. Hough,* for defendant in error.

Opinion by RUMMONS, C.   This action was commenced in the district court of Nowata county by the defendant in error, hereinafter styled the plaintiff, against the plaintiffs in error, hereinafter styled the defendants, to recover the sum of $563.   Plaintiff had judgment for the sum of $413, to reverse which judgment defendants prosecute this proceeding in error.

The first assignment of error in the brief of counsel for defendants complains of the overruling of the demurrer of defendants to the petition of plaintiff.   The petition, in substance, alleges that on May 4, 1911, plaintiff

purchased from the defendants a tract of land, described therein, containing 50, acres; that defendants executed and delivered to plaintiff their warranty deed, conveying said tract of land, a copy of which is attached to said petition as an exhibit; that at the same time, as a part of the same transaction, the parties entered into a written contract, providing that plaintiff should commence an action to clear the title to said tract of land by the cancellation and annulment of all former deeds made by the allottee of said land during her minority, a copy of which contract is attached to said petition as an exhibit; that in compliance with the terms of said contract plaintiff paid defendants the sum of $550 in part payment for said tract of land, in accordance with the terms of the contract last mentioned; that in compliance with said contract plaintiff instituted an action in the district court of Nowata county against one C. C. Whitaker, for the purpose of clearing title to said land; that said Whitaker filed an answer, claiming ownership and title to said land; that at the trial of said cause said Whitaker was decreed to be the owner of said land, and it was further decreed that the title of plaintiff was null and void; that the title to said tract of land conveyed by defendants to plaintiff has failed; that plaintiff has demanded of defendants payment of said sum of $550 paid to them; that defendants delivered to plaintiff one load of wheat of the approximate value of $37 in part payment of said sum; that there is a balance due plaintiff of $513, which defendants have failed, refused, and neglected to pay, after legal demand therefor has been made; that plaintiff has sustained damages in the sum of $50 by reason of the acts of the defendants. The petition then prays judgment against defendants in the sum of $563, with interest at 6 per cent. per annum

from May 4, 1911, and costs. To this petition defendants interposed a general demurrer, which was overruled by the court, and exceptions to such ruling saved by the defendants.

Counsel for defendants in his brief insists that this is an action to recover for a breach of the covenants of warranty contained in the deed executed and delivered to plaintiff by defendants. Counsel for plaintiff, on the other hand, insist that this action is for money had and received because of a failure of the consideration for which the money alleged to have been paid defendants by plaintiff was paid by reason of the failure of title to the tract of land conveyed by defendants. We think from a reading of the petition that counsel for plaintiff are correct in their statement as to the nature of this action. We think, however, that the petition is fatally defective for the reason that, while it seeks a recovery of money paid defendants because of a total failure of consideration by reason of the failure of the title sought to be conveyed, yet the petition nowhere contains an offer to reconvey. The action for money had and received on account of the failure of consideration proceeds on the ground of a disaffirmance of the contract, and a restitution of the thing given in exchange, and the other party to the contract must be placed in as good a position as he was before he entered into the contract. Before plaintiff can recover the consideration paid defendants for a conveyance of their title to said tract of land to him, he must offer to reconvey to defendants, so as to restore to them whatever title they may have had in said tract of land before the contract entered into with plaintiff.

This court, in the case of *Herron v. Harbour*, 57 Okla. 71, 155 Pac. 506, reviews the decisions of this court upon this question, and holds that an offer to reconvey is one of the prime essentials in pleading an answer to a suit upon notes given in payment for land, where the defense is based upon the failure of title, and that a failure to plead an offer to reconvey in such answer is fatal, even upon an objection to the introduction of evidence thereunder. In *Howe v. Martin*, 23 Okla. 561, 102 Pac. 128, 138 Am. St. Rep. 840, the third paragraph of the syllabus is as follows:

"A person induced by false and fraudulent representations to purchase or exchange for property has three remedies: He may, first, upon discovery of the fraud, rescind the contract absolutely, and sue in an action at law, and recover the consideration parted with upon the fraudulent contract, and in such a case he must restore, or offer to restore, to the parties sued whatever he has received by virtue of the contract; or, second, he may bring an action in equity to rescind the contract, and in such case it is sufficient for plaintiff to restore, or make offer in his petition to restore, everything of value which he has received under the contract; or, third, he may affirm the contract, retain that which he has received, and bring an action at law to recover the damages sustained by reason of his reliance upon the fraudulent representations."

The plaintiff having wholly failed to plead or prove a tender of reconveyance, the trial court erred in overruling the demurrer of defendants; and, as this error must work a reversal of the cause, we do not think it necessary to consider the other errors complained of in the brief of counsel for defendants.

The judgment of the trial court should be reversed, and the cause remanded.

By the Court: It is so ordered.