## RENNIE v. J. I. CASE THRESHING MACHINE CO.

No. 12161—Opinion Filed Nov. 27, 1923.

1. **Bills and Notes—Defenses—Burden of Proof.**

In a suit on promissory notes, if the defendant by his answer admits the execution of the notes and pleads affirmative defenses to the plaintiff's right of recovery, the burden rests upon the defendant to establish the allegations of his answer by a preponderance of the testimony.

2. **Trial—Right to Open and Close—Defense to Action on Note.**

In such a case the burden of procedure rests upon the defendant. The fact that the plaintiff may first introduce the notes or copies thereof in evidence without objection on the part of the defendant will not change the rule of the defendant's right to open and close the argument, if the defendant claims his right to open and close the argument prior to the offering of testimony in the cause.

3. **Same.**

If there is no dispute between the parties to the action as to the amount plaintiff is entitled to recover on the notes, in the event the jury or court should find the issues of fact against the defendant on the affirmative defenses, and the defendant claims his right to open and close the argument prior to the introduction of testimony, it is reversible error on the part of the trial court to refuse the request of the defendant.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Garvin County; W. L. Eagleton, Judge.

Action by J. I. Case Threshing Machine Company, against Albert Rennie for recovery on promissory notes. Judgment for plaintiff. Defendant brings error. Reversed and remanded.

Albert Rennie, for plaintiff in error.

Keaton, Wells & Johnston and Bowling & Farmer, for defendant in error.

Opinion by STEPHENSON, C. The plaintiff commenced its action against the defendant for recovery on certain promissory notes therein described. The defendant admitted the execution of the notes sued on. By way of affirmative defenses the defendant alleged: (a) That the notes were given as part payment for a threshing machine and were secured by a chattel mortgage on the machinery; (b) that the plaintiff accepted the machinery from the defendant in settlement of the notes sued on; (b) that the plaintiff foreclosed and unlawfully sold the property and thereby became a conversioner. In a trial of this cause judgment went for the plaintiff, and the defendant has brought error to this court and urges reversal of the judgment on the following grounds:

(a) Refusal of the trial court to permit the defendant to open and close the argument.

(b) The receiving of certain incompetent evidence introduced by the plaintiff.

After the jury was impaneled and sworn to try the cause and before the introduction of testimony by either party, the following proceedings were had:

"The defendant claims a right to open and close, the execution of the notes sued on not being denied under oath, which is by the court denied, to which defendant excepts."

There was no dispute between the parties as to the amount of plaintiff's recovery in the event the jury should find the issues of fact against the defendant on the affirmative defenses. The effect of defendant's answer was to admit the execution of the notes and the amount sued for thereon, in the event the jury should find the issues of fact against the defendant on his answer. The burden was on the defendant to establish his defense by a preponderance of testimony. The burden of procedure therefore rested on the defendant to establish his defense. This question has been before this court in previous appeals. It was said in those cases that in a suit on notes or account, if the defendant admitted the execution of the note and there was no dispute as to the amount of recovery in the event plaintiff was entitled to recover, the burden was on the defendant to establish his affirmative defenses. The court further found the law to be that if the defendant made request of the court prior to the introduction of testimony to open and close the argument, the defendant was entitled to exercise the right to so

do. In this case the defendant has brought his case within the record of previous cases before this court in which it was said that if the defendant made the request prior to the introduction of testimony, the right should be granted him. A., T. & S. F. Ry. Co. v. Lambert, 32 Okla. 665, 123 Pac. 428; Lynde-Bowman-Darby Co. v. Huff, 33 Okla. 239, 124 Pac. 1085; Congdon v. McAllister Carriage & Wagon Factory, 56 Okla. 201, 155 Pac. 597. The plaintiff meets this contention with the answer (a) that the request on the part of the defendant was not in sufficient time, and (b) that even though the defendant brought himself within the rule, the refusal on the part of the trial court to permit the defendant to open and close the argument was harmless error. The report of the argument of counsel in the cause is not before us and we are unable to say that the defendant did not suffer substantial injury by the denial of a right granted to him in this respect.

We apprehend that if this right had been denied the plaintiff in the trial of a disputed question of fact to the jury, and a verdict had gone against the plaintiff, it would strenuously urge that reversible error had been committed. It goes without question that the denial of the right to the plaintiff to open and close the argument, if desired, in the submission of a disputed question of fact to the jury, would constitute reversible error if the judgment should go against the plaintiff. The petition and answer in this cause place the defendant in the same status as the plaintiff would be in the trial of disputed questions of fact before a jury. The defendant, having made timely request to open and close the argument and being refused, is before this court on the same plane as the plaintiff would be under like circumstances. We are unable to determine the extent of injury that might have been suffered by the defendant in the trial of the cause on account of his request to open and close the argument being refused. as a report of the argument of respective counsel is not before us. Otherwise, error was not committed.

Therefore we recommend that this cause be reversed and remanded for new trial.

By the Court: It is so ordered.