## FOSTER OIL CO. v. ROGERS.

No. 14032—Opinion Filed June 2, 1925.

Rehearing Denied July 14, 1925.

**1. Appeal and Error—Sufficiency of Evidence—Conclusiveness of Verdict.**

Where there is competent evidence introduced at the trial reasonably tending to support the verdict of the jury; and no prejudicial errors of law are shown in the instructions of the court or its ruling upon law questions presented during the trial, the verdict and finding of the jury is conclusive upon appeal to the Supreme Court.

**2. Contracts—Action on Written Contract —Subsequent Agreement as Defense— Burden of Proof.**

Where, in an action to recover upon a written contract, the defendant admits the execution of such contract, but relies for a defense to the action upon a subsequent contract alleged to have been entered into between him and the plaintiff, the burden of making proof of such subsequent contract rests upon the defendant.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Tulsa County; W. B. Williams, Judge.

Action by W. E. Rogers against J. B. Foster and the Foster Oil Company to recover on a written contract. Judgment for plaintiff against the defendant Foster Oil Company, and the Foster Oil Company appeals. Affirmed.

Wm. S. Rogers and Leahy, MacDonald & Holden, for plaintiff in error.

O'Meara & Silverman, for defendant in error.

Opinion by FOSTER, C. Defendant in error, as plaintiff, brought an action in the district court of Tulsa county against the plaintiff in error and J. B. Foster, as defendants, to recover the sum of $1,000, for the alleged breach of a written contract for the sale, by the plaintiff in error to the defendant in error, of certain oil well casing. Parties will be hereinafter referred to as they appeared in the trial court. The cause was dismissed as to the defendant J. B. Foster, and the cause thereafter pro-

ceeded against the defendant Foster Oil Company, a corporation, the plaintiff in error here.

The written contract on which the plaintiff sought to recover is as follows:

"Tulsa, Oklahoma, November 26th, 1918.

"Foster Oil Company offers approximately 15,000 feet new National six and five-eighth, 20 pound casing at $1.34 per foot, less five per cent. f. o. b. cars, Kansas. This offer is hereby accepted by W. E. Rogers.

"Terms $1,000 cash accompanying this contract, balance upon presentation of bill of lading as soon as embargo is removed at Burkburnett, Texas.

"Tendered J. B. Foster,
"Accepted W. E. Rogers."

It was the claim of the plaintiff that the defendant, without returning to him the $1,000 received as a part payment for the casing, under the terms of the above contract, and prior to the removal of the embargo at Burkburnett, Tex., sold and disposed of the pipe to other parties at a profit, except 213 joints received and paid for by the plaintiff at the contract price, as the result of which the defendant became liable for the return of the $1,000. The defense interposed by the defendant admitted the execution of the contract and pleaded that the contract had received a construction by the parties subsequent to its execution by which the $1,000 deposited by the plaintiff with the contract was treated as liquidated damages sustained by the defendant in the event plaintiff failed to take the pipe.

As a further defense it pleaded that the contract was abrogated by a subsequent agreement of the parties, under which it is claimed that the defendant released the plaintiff from his obligation to receive and pay for the pipe, in consideration of its being permitted to retain the $1,000 received by it under the terms of the original contract.

No evidence was introduced by the defendant at the trial in support of its claim that by virtue of the practical construction of the contract, the $1,000 was treated as liquidated damages, and the trial revolved entirely around the controverted question of whether or not the original contract had been abrogated by subsequent agreement of the parties.

The jury, by its verdict, found in favor of the plaintiff and against the defendant upon this issue, and if there were no prejudicial errors of law committed by the trial court in its instructions or in its ruling upon law questions presented during the trial, such verdict will not be disturbed by this court on appeal, if there was any evidence reasonably tending to support it.

Plaintiff testified positively, in answer to questions propounded to him by his counsel, that he did not, at any time, agree that defendant might retain the $1,000 if it would release him from his obligation to take the casing, and while this evidence was disputed by the defendant, it was for the jury to determine these controverted questions of fact, and its finding thereon is binding in this court on appeal.

The evidence reasonably tended to show that the defendant, prior to the removal of the embargo at Burkburnett, without returning the $1,000, disposed of all of the casing at a profit, except 213 joints which the plaintiff received and paid for at contract price.

Several errors have been assigned by the defendant as grounds for reversal, some of which have already been disposed of in connection with our previous consideration of the case. It is insisted that the trial court erred in admitting certain evidence on behalf of the plaintiff tending to show that, prior to the time the embargo on the pipe had been removed at Burkburnett, Tex., the defendant sold the casing at a profit. We are unable to agree that the admission of this evidence was prejudicial error. By its answer, the defendant introduced into the case the question of liquidated damages. If, as alleged by it, the $1,000 paid by the plaintiff under the original contract was to be retained by it as liquidated damages, proof of its damage would necessarily have to be made by it in order to avoid effect of the Oklahoma statute against the recovery of penalties, and while it did not, in any of the evidence offered by it at the trial, see fit to make proof of such damage, it cannot complain if the plaintiff offered proof which, while not necessary, tended to show that the defendant had not sustained any loss by reason of plaintiff's failure to take the rest of the casing. In this situation, the defendant cannot complain if the plaintiff, under issues raised by him, proved too much.

It is next insisted that the court erred in giving certain instructions to the jury, in that the instructions criticized erroneously assumed that the burden of proof was on the defendant, in the first instance, to establish its defense that the original contract had been abrogated by a subsequent contract entered into by the parties. It ap-

pears that at the beginning of the trial, the court required the defendant to assume the burden of proving a new contract, alleged by it in its answer, by which it claimed the original contract had been abrogated. We do not think there is any merit in this contention. The answer of the defendant, with the open statement of counsel taken together, showed that it relied upon a subsequent contract whereby the defendant was released from the payment of the $1,000 and this, of course, involved a recognition of its liability to the plaintiff for the return of the $1,000 under the original contract, but based its exemption from liability entirely upon the subsequent agreement alleged to have been entered into by it and the plaintiff. In this situation, the burden of making proof of such subsequent contract would undoubtedly rest upon the defendant. Fifth Avenue Library Society v. Phillips, 39 Okla. 799, 136 Pac. 1076; Congdon v. McAlester C. & W. Factory, 56 Okla. 201, 155 Pac. 597. The evidence introduced related entirely to such subsequent contract. There was no other issue in the case on which evidence could have been admitted. The original contract was either in full force and effect or it had been abrogated. If the original contract had provided that the $1,000 was to be retained by the defendant as liquidated damages, as contended by the defendant, it would have violated sections 974 and 975 of the Revised Laws of 1910, denouncing as void contracts imposing penalties, and no evidence could have been admitted in support of such contract, and no evidence thereof was in fact offered by the defendant. Therefore, the defendant would not have been prejudiced in any way by anything the trial court may have required of it as to the order of proof relating to its claim of liquidated damages for the anticipated breach of the contract.

The only issue cognizable in the case was whether or not a subsequent contract had been made, and the burden as to this issue rested on the defendant.

We think the instructions fairly stated the law applicable to the case, and properly defined the issues presented by the pleadings and the evidence, and that no prejudicial errors sufficient to justify a reversal were committed. For the reasons stated, it is our opinion that the judgment of the trial court should be affirmed.

By the Court. It is so ordered.

Note.—See under (1) 4 C. J. pp. 851, 853; 2 R. C. L. 194; 1 R. C. L. Supp. 433; 4 R. C. L. Supp. 90, 5 R. C. L. Supp. 79. (2) 13 C. J. p. 762.