YOUNG et al. v. GARRETT.

No. 29145. June 24, 1940.

*105 P. 2d 257.*

Wilkinson & Caudill, of Oklahoma City, for plaintiffs in error.

Arthur H. Dolman, of Oklahoma City, for defendant in error.

WELCH, V. C. J. Judgment was rendered for the plaintiff, and the defendants bring this appeal. The parties will be referred to as they appeared in the trial court.

The defendants in their answer admit the execution of the promissory note, and admit the refusal to pay balance due under the terms of the note. They allege the execution and delivery of the note in consideration of the execution and delivery of a deed, but allege in conclusion that plaintiff had no title to the lots at the time of the execution of the deed; allege false and fraudulent representations in said transaction; allege a breach of the covenant of warranty of title in said deed contained, and allege a want of consideration for the execution of said note, all of which is denied in the reply of the plaintiff.

The first question raised by the defendants is that the trial court was without jurisdiction to try the matter because title to real estate was involved. This assignment of error is not seriously argued by the defendants, and the defendants have failed to cite any authority for their contention. We are of the view that this assignment of error is without merit. In the case of Hodge v. Mayfield, 98 Okla. 8, 223 P. 853, we announced the following rule:

"In an action in the county court for rent for the use and occupancy of plaintiff's premises, where the petition clearly states a cause of action, and the defendant answers denying ownership, and alleging ownership in another, the court will not be ousted of jurisdiction on the ground that title to real estate is involved, where there is no substantial evidence in the record showing any conflict in the title."

We are of the view that this rule is controlling here. In the case at bar there appears to be no conflict in the title. No one is claiming adverse title. The defendants are contending that there was a breach of warranty and attempt to establish same by disproving the title of the plaintiff. The plaintiff executed a warranty deed, or, in other words, warranted his title at the time of the conveyance and by such warranty, agreed to defend said title against any attack upon the same. There is no evidence in the record that anyone has made an attack upon the title claiming adversely to the defendants. We are of the view that a defendant who is sued for recovery upon a promissory note which was consideration for a deed cannot remove the cause from the jurisdiction of the court of common pleas by merely making such an attack upon the title of the vendor.

The defendants also claim the trial court committed error in placing the burden of proof upon them. It is an established rule that in a suit upon a promissory note, when the defendant by his answer admits the execution of the note and pleads an affirmative defense to the plaintiff's right of recovery, as the defendants did here, the burden rests upon defendant to establish the allegations of his answer by a preponderance of the testimony. Rennie v. J. I. Case Threshing Machine Co., 94 Okla. 26, 220 P. 626.

Defendants claim they were excused from restoring all that they had received under said transaction because vendor had no title.

This court has heretofore held that one who has been defrauded has, upon discovery thereof, a choice of two classes of remedies, to wit, rescission or affirmance. Howe v. Martin, 23 Okla. 561, 102 P. 128; Wesley v. Diamond, 26 Okla. 170, 109 P. 524, and Byers v. Brisley, 81 Okla. 215, 198 P. 90.

We have also held that failure to plead restoration or offer restoration is a fatal defect in the complaint of the party attempting to rescind. Herron v. Harbour, 57 Okla. 71, 155 P. 506, and Carson v. Walker, 57 Okla. 182, 156 P. 1172.

This was undoubtedly a conveyance of plaintiff's interest which he had warranted as a fee-simple title, and he was entitled to have it restored to him before the defendants should be entitled to rescind the contract.

The judgment of the trial court is affirmed.

BAYLESS, C. J., and RILEY, HURST, and DANNER, JJ., concur.