## FISHER v. MILLSPAUGH et al.

No. 30724. March 2, 1943.

*134 P. 2d 579.*

128

Darnell & Gibson, of Clinton, for plaintiff in error.

Meachem, Meacham & Meacham, of Clinton, for defendants in error.

GIBSON, V. C. J. This is an action on a promissory note and to foreclose real estate mortgage. Judgment on the verdict was for defendants, and plaintiff appeals.

It is first charged that the trial court erred in overruling plaintiff's motion for judgment on the pleadings.

Defendants pleaded payment and the statute of limitations. The ground of the motion was defendants' failure to properly plead payment after admitting the execution of the note and mortgage. The answer contained an allegation of payment in full by a number of partial payments, but the dates of such payments were not set out for the reason, so it was alleged, that plaintiff's agent kept all the records thereof.

Plaintiff says that the plea was a mere legal conclusion and therefore insufficient as a plea of payment. Barlow, Adm'x, v. Prudential Ins. Co., 178 Okla. 265, 62 P. 2d 969.

The allegation of payment may have been an unwarranted attempt on defendants' part to shift the burden of proof and, as plaintiff says, a mere legal conclusion. The answer was nevertheless sufficient to withstand the motion for judgment on the pleadings. The plea of the statute of limitation was sufficient in this respect even if the plea of payment may have been deficient. Where the answer properly states a legal defense of any kind, it is sufficient as against a motion for judgment on the pleadings. First National Bank v. Humphreys, 66 Okla. 186, 168 P. 410.

It further appears that the allegation of payment, if in fact a mere legal conclusion, was supplemented by testimony whereby the dates and places of payments and the amounts thereof were reasonably established. This testimony was received without objection on plaintiff's part. That, alone, was sufficient to cure the alleged defect. The answer may have been too indefinite in its allegations of payment, but the evidence supplied the deficiency. Bailey v. Parry Mfg. Co., 59 Okla. 152, 158 P. 581.

Plaintiff charges error in overruling her demurrer to all of defendants' evidence and in denying her motion for directed verdict.

It is said that plaintiff's possession of the note raised the presumption of its nonpayment, and that defendants' evidence was insufficient to overcome the presumption.

Where execution is admitted, the burden is on defendant to establish any affirmative defense in such case by a preponderance of the evidence. Young v. Garrett, 187 Okla. 595, 105 P. 2d 257. That is the rule by which the jury is to be guided under proper instructions. The court did so instruct in this case, and the jury found that the burden had been sustained. As we have said above, there was evidence to support a finding that the note had been paid; and there was evidence to show that the statute of limitations had run. This evidence was brought out in the testimony of one of the defendants. It is uncorroborated. Contrary to plaintiff's contention, this was sufficient to support the verdict. The evidence was conflicting on both issues. In such event the question is for the jury. Walker v. Oklahoma Natural Gas Co., 188 Okla. 241, 107 P. 2d 997.

Plaintiff says further that the court failed to instruct fully on the issues.

But no attempt is made to point out any specific deficiency in the instructions, and we are unable to ascertain from the briefs the portion of the instructions attacked. In such circumstances this court does not review the alleged error. Burden v. Stephens, 174 Okla. 312, 49 P. 2d 1098; City of Norman v. Lewis, 180 Okla. 344, 69 P. 2d 377.

The judgment is affirmed.

CORN, C. J., and BAYLESS, WELCH, HURST, and DAVISON, JJ., concur. RILEY, OSBORN, and ARNOLD, JJ., absent.