**BOONE et ux. v. STATE ex rel. DEPARTMENT OF HIGHWAYS.**

No. 35587.

Supreme Court of Oklahoma.

Sept. 29, 1953.

Moore & Fitzgerald, Stillwater, for plaintiffs in error.

582

Mac Q. Williamson, Atty. Gen., and Finis O. Stewart, Asst. Atty. Gen., for defendant in error.

BLACKBIRD, Justice.

Defendant in error, as plaintiff, commenced this action to condemn for highway purposes, residential premises in Ponca City, Oklahoma, containing .14 of an acre belonging to plaintiffs in error, who appeared therein as defendants. Said parties will hereinafter be referred to by their trial court designations.

The Report of the Commissioners appointed by the court to determine defendants' damages from such appropriation of their property assessed them in their report at $792. Defendants then appealed from said report and demanded a jury trial to fix such damages.

After the jury was impaneled and the attorneys for the parties announced ready for trial, one of plaintiff's attorneys, without objection by defendants, commenced his opening statement. Before he had finished, it appears that he was interrupted by a conference between the attorneys and the court, after which defendants orally moved the court to declare a mistrial because plaintiff's counsel had been allowed to make his voir dire examination of the jury and opening statement before defense counsel had made his. The court overruled this motion and then allowed defendants' attorney to make his opening statement, at the conclusion of which, without any further statement by plaintiff's counsel, defendants proceeded with the introduction of their evidence.

Plaintiff's witnesses, all of whom were realtors and qualified as experts, testified to defendants' damages in varying amounts from $696 to $800. One of defendants' witnesses testified that defendants' damages were $3,000, and another, $5,500. Another of defendants' witnesses, Major Freeman, who testified his occupation was: "Just common laborer", but also testified that he had lived in Ponca City "about 17 years", owned his "own property", and was familiar with defendants' home premises and with the fair, cash, market value of property in that area, was not permitted to give his opinion as to its value, upon objection of plaintiff's counsel. Defendants took exception to the court's ruling forbidding this witness to so testify, but they made no offer of proof showing what value this witness would have placed upon defendants' damages, if he had been permitted to testify, and there is no indication whatsoever of this anywhere in the record.

After a verdict and judgment fixing defendants' damages from the condemnation at $1,200, they perfected this appeal.

Defendants' briefs present only two assignments of error. Their first is that the trial court erred in refusing, as requested by their motion, to declare a mistrial. They say, and plaintiff concedes, that in condemnation proceedings, where, as here, the condemnees stand in the same position as a plaintiff would ordinarily occupy in a damage action, they have the burden of proof and accordingly the right to open and close the case; therefore, when plaintiff was allowed to open the case ahead of them, error was committed.

■ The case-made filed herein contains no record of the proceedings at the trial with respect to the impaneling of the jury. It does not show which of the litigants examined the jurors first or whether or not any objection was made or exception taken, to the manner or order in which this was done. Consequently, the record presents nothing to review in connection with the alleged error of plaintiff's counsel examining the jury out of order. As a result, our opinion upon this question must be reserved. We note in this connection, however, that our opinion in Kurn v. Campbell, 188 Okl. 636, 112 P.2d 386, might be taken to indicate that one of the requirements for preserving such alleged error is a making of objections before the jury is sworn to try the cause.

■ As to the alleged error of plaintiff's counsel being allowed to open the arguments to the jury, we must also deny reversal because the record discloses that defendants did not object to such procedure until after said counsel had given his statement. In Congdon v. McAlester Carriage &

Wagon Factory, 56 Okl. 201, 155 P. 597, this court held:

"Where the burden of proof was upon the defendant, but he did not claim the right to submit his evidence first or to open and close the argument until after the opening statements had been made to the jury and the plaintiff had produced the first witness and examined him at some length, held, coming at this stage of the trial, it was in the discretion of the court to grant or refuse the request."

There we cited 38 Cyc. 1306 as authority for the proposition that the right to open and close argument is one that may be and is waived unless a timely request at the beginning of the trial is interposed. 64 C.J. 83, under "Trial", par. 85, Note 75, is to the same effect and says such right "ordinarily is waived by permitting the other party to open without objection * * *." One of the authorities cited for this statement is Kassing v. Walter, Iowa, 65 N.W. 832, reversed on other grounds at Kassing v. Ordway, 100 Iowa 611, 69 N.W. 1013, wherein it was held:

"It was not error to deny the right to open and close to a party who made no claim therefor until the opening statements of opposing counsel had been made."

Similar in effect is Pinson v. Bowles, 116 S.C. 47, 106 S.E. 775, wherein it was held that though under the pleadings, defendants were entitled to open and close, they could not complain since they failed to assert this right until after plaintiff had *begun* its opening. The above cases are in harmony with the general principle of "waiver" applied by this court to a similar alleged error in Lynde-Bowman-Darby Co. v. Huff, 33 Okl. 239, 124 P. 1085. Here the alleged error resulted as much from defense counsel's lack of alertness and failure to claim his rights at the proper time, as from any other cause. It seems certain to us that the court's error in this respect was inadvertent rather than intentional. This is evidenced by the fact that as soon as it was called to his attention that this case was different from the ordinary one in which plaintiff's counsel's opening statement comes first, said counsel proceeded no further and never resumed or finished his opening statement, and defense counsel proceeded with his. It is neither just, proper nor equitable for an attorney to invite error by sitting idly by and allowing it to occur without calling it to the court's attention, and afterward claim such alleged error as ground for reversal of the judgment. If there was any showing of prejudice to his clients thereby we might give such alleged error more serious consideration, but here there is no such showing, and we fail to see how defendants have been prejudiced thereby. Granting that the trial was commenced in improper order, the record does not reveal defendants were in any manner deprived of the full hearing to which they were entitled. Matters pertaining to the order of arguments and the introduction of evidence at a trial have always been regarded as at least partially within the judicial discretion of the trial court; and in the absence of a showing of an abuse of such discretion, or of prejudicial error, this court has refused to reverse therefor. In this connection, see Congdon v. McAlester Carriage & Wagon Factory, supra, and Atchison, T. & S. F. R. Co. v. Lambert, 32 Okl. 665, 123 P. 428.

Defendants' second and last proposition is that the court erred in refusing to allow the witness, Major Freeman, to testify as to the value of the property involved. Their counsel cite 20 Am.Jur. 748, 754, Secs. 891 and 897, for the proposition that real estate values may be proved by the opinions of nonexperts, and they say that Freeman's preliminary examination showed he knew the value of this property and was in every way qualified to give his opinion as to it. We do not consider this argument worthy of serious consideration in view of the fact that the record fails to disclose what value this witness would have placed on the property, if he had been allowed to so testify. There is nothing to show whether Freeman would have testified that the property was worth more or less than defendants were awarded by the jury. To show this so that we could have determined whether the exclusion of such testimony

may have been prejudicial, defense counsel should have made an offer of proof showing what figure or figures Freeman would have given, if allowed to testify on that point. See Oklahoma Tax Comm. v. Price, 197 Okl. 1, 167 P.2d 873; 876; Schaff v. Richardson, 120 Okl. 70, 254 P. 496; 2 Am.Jur. 97, 98, Sec. 354. This is in line with the general rule of appellate review that before a judgment will be reversed for alleged error in the exclusion of evidence, it must appear that such error was prejudicial.

Judgment affirmed.

JOHNSON, V. C. J., and WELCH, CORN, DAVISON, ARNOLD, O'NEAL and WILLIAMS, JJ., concur.