Frank B. PERSSON, J. M. Peters and Pauline Peters, his wife, and Lillian Taylor, Plaintiffs in Error,

v.

Max D. McCORMICK, Defendant in Error.

No. 41224.

Supreme Court of Oklahoma.

March 22, 1966.

Goeppinger & Harris, Tulsa, for plaintiff in error.

R. P. Colley, N. E. McNeill, Jr., Tulsa, for defendant in error.

BERRY, Justice.

This is an action on a promissory note by Max D. McCormick against Frank B. Persson, J. M. Peters, Pauline Peters and Lillian Taylor. Judgment for plaintiff and defendant Frank B. Persson appeals. The

parties will be referred to as they appeared in the lower court.

Plaintiff's petition alleged that on July 3, 1962, defendant executed a promissory note payable to the order of J. M. Peters and Pauline Peters in the amount of $2,000.00 with interest at five per cent per annum, payable in monthly installments of $100.00 each commencing January 3, 1963, and continuing until paid; that thereafter and before maturity, J. M. Peters and Pauline Peters, for a good and valuable consideration, endorsed and delivered this note to Lillian Taylor, who thereafter and before maturity, for a good and valuable consideration, endorsed and delivered such note to plaintiff, who "is now the lawful owner and holder of said note"; that the note provided if any installment becomes delinquent for 15 days, the entire unpaid balance should become due and payable at the option of the holder; that the conditions of the note had been broken in that on the 3rd day of the months of February and March, 1963, defendant Persson refused to make payments as agreed. By reason of such default plaintiff asked judgment against the defendants, and each of them, for $1,900.00, the unpaid balance due and owing on the note, together with interest and attorney fees, all as provided in the note.

J. M. Peters, Pauline Peters and Lillian Taylor did not plead to nor answer the petition. Defendant filed an answer and two amended answers. The amended answer, upon which the case was heard, consisted of general denial, and specifically alleged defendant's signature was obtained by fraud, and that plaintiff had knowledge prior to purchase of the note that there was a "controversy regarding the amount due on said note."

The plaintiff's reply to the amended answer contained a general denial, and specially denied knowledge of fault or defect in said note.

The case was tried before a jury. Plaintiff, in his own behalf, testified he purchased the note from Lillian Taylor on January 9, 1963, for the sum of $1,650.00; that there was a balance due on the note in the amount of $1,900.00, plus interest from February, 1963. Upon plaintiff identifying the note it was admitted into evidence and plaintiff rested. Defendant's demurrer to the evidence was overruled and defendant elected to stand on his demurrer. The jury was discharged and default judgment was entered against J. M. Peters, Pauline Peters and Lillian Taylor. Judgment was also entered for the plaintiff against defendant as prayed for in the petition.

Defendant asserts only one proposition for reversal of the lower court's ruling, which is that the trial court erred "in finding that the plaintiff was in fact under the law, a holder in due course." The decisive question presented by this appeal involves the correctness of the trial court's action in overruling defendant's demurrer to plaintiff's evidence.

48 O.S.1961 § 129, provided in part:

"Every holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument is defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course."

On July 21, 1961, the Oklahoma Uniform Commercial Code, 12A O.S.1961 § 1–101 et seq., was approved to become effective at midnight on December 31, 1962. 12A O.S. 1961 § 3–307 repealed 48 O.S.1961 § 129. Section 3–307(1), supra, provides in part:

"Unless specifically denied in the pleadings each signature on an instrument is admitted."

In the pleadings defendant admits having signed the note.

The statute, section 3–307(2), further provides:

"When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense."

■ This latter subsection of section 3–307 is a rewording of the above quoted clause of former 48 O.S.1961 § 129. It is more direct and explicit. The production of the note entitles the holder to recover unless a defense is established. The term "recover on it" makes it quite clear that the holder or plaintiff is entitled to the full amount sued for, without proof of the amount or of nonpayment, unless the defendant pleads and proves some defense thereto.

■ It is an established rule that in a suit upon a promissory note, when the defendant by answer admits the execution of the note and pleads an affirmative defense to the plaintiff's right of recovery, (as the defendant did here) the burden rests upon defendant to establish the allegations of the answer by a preponderance of the evidence. Young v. Garrett, 187 Okl. 595, 105 P.2d 257; Fisher v. Millspaugh et al., 192 Okl. 127, 134 P.2d 579; Rennie v. J. I. Case Threshing Machine Co., 94 Okl. 26, 220 P. 626; Price v. Latimer County National Bank of Wilburton, 119 Okl. 198, 249 P. 305; Anderson v. Scanlon, 174 Okl. 419, 50 P.2d 615. See also, James Talcott, Inc. v. Finley, Okl., 389 P.2d 988.

■ In this case defendant, having admitted the signing of the note, offered no evidence either to establish a defense to plaintiff's right of recovery, or that plaintiff was not a holder in due course. The question as to whether plaintiff was a holder in due course would not arise until defendant established a defense to the note sued upon.

■ Defendant urges that plaintiff "had notice that the note was on its face overdue so that he was not a holder in due course." After a careful examination of the exhibit of the note, we find no evidence that imparts substance to defendant's argument.

We therefore hold that the trial court was correct in overruling defendant's demurrer and entering judgment for plaintiff. The judgment of the trial court is affirmed.