Lavern B. JORDAN, Plaintiff-Appellee,

v.

GENERAL MOTORS CORPORATION, a Delaware Corporation, and Central Chevrolet Company, Inc., an Oklahoma Corporation, Defendants-Appellants.

No. 49189.

Supreme Court of Oklahoma.

Jan. 30, 1979.

Jack B. Sellers Law Associates, Inc., Sapulpa, and Joe A. Moore, Memphis, Tenn., for plaintiff-appellee.

Rhodes, Hieronymus, Holloway & Wilson, Bert M. Jones, Tulsa, Frazer F. Hilder, Detroit, Mich., of counsel, for defendant-appellant, General Motors Corp.

Knight & Wagner, Alfred B. Knight, Tulsa, for defendant-appellant, Central Chevrolet Co., Inc.

**DOOLIN, Justice:**

Plaintiff was involved in a one car accident wherein he ran off the road, lost control and overturned. He filed the present suit for damages for personal injuries against manufacturer and seller of the new Chevelle, alleging a cause of action in manufacturers' products liability. Plaintiff claimed a link which attached the end of the stabilizer bar to the A-arm was missing, causing the right front wheel to be unstable. This alleged defect is claimed to have caused the car to veer suddenly, dropping the wheel off the pavement. Plaintiff was severely injured in the resulting crash.

The jury returned a verdict in plaintiff's favor for $150,000.00. Defendants appeal.[1] They submit twelve propositions of error, none of which persuades us reversal is warranted.

■ Defendants argue a statement by the plaintiff from the witness stand, "I have even thought about committing suicide before, that's how bad it makes you feel," was so prejudicial that a mistrial should have been declared. This statement has no relevancy to defendants' liability and the amount of damages is not appealed. Defendants show no prejudice from plaintiff's statement.

■ Defendants further claim trial court should have declared a mistrial because of a mention of insurance. We find no such mention made. Where trial court exercises its sound discretion in passing on a question of mistrial, its findings will not be disturbed in the absence of any abuse of this discretion.[2]

■ In considering defendants' proposition the jury instructions were incorrect, we find they neither objected to them at trial nor set them out in their brief. In such circumstances this court will not review the alleged error.[3]

Defendants submit demurrers to plaintiff's evidence and motion for directed verdict should have been sustained. They further assert evidentiary errors consisting of allowing improper opinion evidence, overruling objections to testimony concerning patches of asphalt on the highway, not allowing investigating patrolman to testify as to his opinion of plaintiff's speed and in not admitting the Chevelle's stabilizer bar into evidence.

■ The fact issues basic to the jury's decision were (1) whether stabilizer linkage on right front suspension was absent prior to the accident and (2) whether this absence made the car veer dangerously, causing the accident. Plaintiff offered two mechanics as expert witnesses. One was a graduate of an automotive technical school and owned his own garage. The other had been employed as a mechanic with Chevrolet dealers for many years and presently worked for Oklahoma Gas and Electric Company. He was familiar with the Chevelle's front end and stabilizer bar assemblies. Both witnesses testified stabilizer linkage had never been in place on plaintiff's Chevelle, and that its absence could cause car to veer and dart to the right. Defendants did not object to these witnesses' qualifications as experts prior to their examination. Where a witness discloses sufficient knowledge to qualify him as an expert, soundness of his conclusions pertains to the weight of his testimony, rather than to its admissibility and is to be determined by the trier of fact.[4] There was no error in permitting their opinion testimony.

■ On direct, plaintiff testified he might have hit a patch of asphalt in the road. Consequently it was not improper to permit him to offer rebuttal testimony concerning the condition of the highway.

1. Central Chevrolet is a nominal appellant only. In a separate order it was granted cross-judgment against General Motors and was indemnified and held harmless from judgment by plaintiff.

2. *Boecking Construction Company v. Callen*, 321 P.2d 970 (Okl.1958). Also see *Thompson v.*

*Inman*, 482 P.2d 927 (Okl.1971); *Barnett v. Richardson*, 415 P.2d 987 (Okl.1966).

3. *Fisher v. Millspaugh*, 192 Okl. 127, 134 P.2d 579 (1943); Rule 15, 12 O.S. 1971 Ch. 15, App. 1.

4. *Leeper v. Thornton*, 344 P.2d 1101 (Okl.1959).

■ Trial court's refusal to allow the investigating officer to give his opinion of the speed of the Chevelle was also proper. Trial court found there was no foundation for such an opinion. The officer did not witness the accident. He did not know the weight of the car or the angle at which it left the highway. The car left no skid marks and was damaged rolling over. Trial court did not abuse its discretion in refusing to allow the officer to testify as to his opinion of the speed of the automobile under these circumstances.[5]

■ Defendants attempted to introduce into evidence the Chevelle's stabilizer bar. Defendants' expert had removed the bar for examination but wiped it clean of all rust and dirt around the hole through which the link, if present, would pass. Dirt and rust around the hole in the bar would indicate the link was not in place prior to the accident. The action of the link against the hole would have rubbed it clean. The trial took place six years after the accident occurred. The trial court felt the bar was inadmissible because it had changed to an extent it was not in substantially the same condition as it was at the time of the accident and when plaintiff's witnesses examined it. When an object is offered into evidence and its probative value depends upon its physical condition, if the party objects to its admission based upon his claim its condition and appearance has so materially changed that it does not portray the true situation, the trial court is vested with wide latitude of discretion. Its ruling will not be disturbed unless there is a clear abuse thereof.[6]

■ We also hold the trial court did not err in denying defendants' request to allow the jury to test drive another new Chevelle without a stabilizer link present. This would have no probative value; conditions at time of accident could not be duplicated.

■ Allowing or denying admission of evidence rests in the sound discretion of the trial court. No reversible error has been shown in respect to its decisions regarding admissibility or inadmissibility of evidence or testimony.[7]

■ Assumption of the risk of a known defect is an affirmative defense in a manufacturers' products liability action.[8] Where evidence is such that reasonable men might differ on the question of whether plaintiff's awareness of defect and continued use of the vehicle was proximate cause of the accident, this defense is a question of fact for the jury.[9] There was evidence plaintiff knew the car was acting strangely, having a tendency to veer. However on a demurrer to the evidence or a motion for directed verdict, trial court must accept as true all evidence and reasonable inferences therefrom favorable to the party against whom the motion is directed, while disregarding conflicting evidence favorable to movant.[10] Whether evidence as to knowledge by plaintiff is equivalent to knowledge of a known defect and thus an assumption of the risk of a known defect, is for jury to decide.

There was evidence Chevelle did not have the stabilizer link in place when it was sold. There was expert testimony absence of the link made the Chevelle unreasonable dangerous and this defect caused the accident. The jury found in favor of plaintiff. We find no reversible error by the trial court.

AFFIRMED.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, HODGES, BARNES, HARGRAVE and OPALA, JJ., concur.

5. *Wall v. Partridge*, 466 P.2d 628 (Okl.1970).

6. *Kiessling v. Northwest Greyhound Lines*, 38 Wash.2d 289, 229 P.2d 335 (1951).

7. See *Magnolia Petroleum Co. v. McGeeley*, 203 Okl. 470, 223 P.2d 131 (1950); *City of Okmulgee v. Clark*, 425 P.2d 457 (Okl.1967).

8. *Kirkland v. General Motors*, 521 P.2d 1353, 1366 (Okl.1974).

9. *Palmer v. Ford Motor Co.*, 498 F.2d 952 (10th Cir. 1974); also see Art. 23, § 6 Constitution of State of Oklahoma.

10. *Martin v. Stratton*, 515 P.2d 1366 (Okl.1973).