Bonnie BLOOD, as personal representative and surviving spouse of Charles Blood and as mother of Joani Blood, a minor, Appellant,

v.

R & R ENGINEERING, INC. and Treanor Equipment Co., Appellees.

No. 68563.

Supreme Court of Oklahoma.

Jan. 24, 1989.

Rehearing Denied March 15, 1989.

Fogg, Fogg & Handley by Fletcher D. Handley, Jr., El Reno, and Fenton, Fenton, Smith, Reneau & Moon by Tom E. Mullen, Oklahoma City, for appellant.

Huckaby, Fleming, Frailey, Chaffin & Darrah by Robert L. Huckaby, and Brian Husted, Chickasha, for appellee R & R Engineering, Inc.

Baker, Baker & Smith by Albert Lewis Tait, Jr., Oklahoma City, for appellee Treanor Equipment Co.

HODGES, Justice.

This appeal raises two questions: (1) Did the trial court err in sustaining defendants' objection to causation questions as outside the scope of cross-examination and thus an improper topic for re-direct examination? (2) Did the trial court err in sustaining defendants' demurrer to plaintiff's evidence for failure to present sufficient evidence of causation? Because we answer the second question in the affirmative and reverse, it is unnecessary to address the first question.

Bonnie Blood (plaintiff) brought this products liability action as the surviving spouse of Charles Blood (decedent) and on behalf of Joani Blood, their minor daughter. Defendants, R & R Engineering, Inc. and Treanor Equipment Co., respectively manufactured and sold the equipment involved in the industrial accident.

On December 29, 1983, decedent was killed while servicing a gas compressor unit

owned by his employer, Delhi Pipeline Co. The unit compressed and cooled natural gas entering a pipeline. The six-foot blades of the cooling fan were shielded by a ten-foot circular guard consisting of a frame constructed of L-shaped iron with cross-members and an expanded metal screen spot-welded to the inside of the frame.

Around 3:00 p.m., decedent was standing on the snow-packed ground in front of the fan placing cardboard over the fan guard in an attempt to raise the temperature of the gas within the unit. Two co-workers were at other sides of the unit and could not see him. After hearing a loud crash, the co-workers found decedent with his head and shoulders inside the broken guard. Several of the fan blades were broken. He was taken to a hospital where he died a few hours later.

Plaintiff's petition alleged a design defect in the fan guard. At trial, plaintiff specifically claimed that the design of the guard concealed and enhanced the deterioration of the screen and the spot-welds resulting from the guards exposure to the elements.

At the close of plaintiff's evidence, defendants demurred claiming that no causal connection was demonstrated between the alleged product design defect and the decedent's fatal injuries. The trial court sustained the demurrer and dismissed the jury. Plaintiff perfected this appeal and argues that ample evidence was presented to submit to the jury the question of whether a design defect in the guard contributed to its deterioration and subsequent failure to prevent injury to decedent. We agree.

■ The test on a demurrer to a plaintiff's evidence requires the court to accept as true all of the plaintiff's evidence and reasonable inferences therefrom while disregarding conflicting evidence favorable to the defendant. *Jordan v. General Motors Corp.*, 590 P.2d 193, 196 (Okla.1979). As this Court has noted, "a demurrer to the evidence admits every fact which the evidence tends to prove in the slightest degree and all reasonable and logical inferences and conclusions therefrom." *Davis v.*

*Town of Cashion,* 562 P.2d 854, 855 (Okla. 1977). When a plaintiff presents evidence tending to prove the essential elements of the cause of action, the claim will survive a demurrer.

■ This products liability claim required plaintiff to present evidence tending to prove that a design defect present at the time the product left the defendants' possession and control made it unreasonably dangerous and caused the decedent's fatal injuries. *See Kirkland v. General Motors Corp.,* 521 P.2d 1353, 1363 (Okla.1974). Plaintiff met this burden.

The testimony of plaintiff's expert outlined design defects in the fan guard and concluded that these defects hid and enhanced deterioration of the edges of the screen and the welds holding the screen to the guard frame. He further concluded that the guard had deteriorated to the point that it could not withstand the force of decedent's weight against it. While there was conflicting evidence as to whether the screen in the guard was the same one that left defendants' hands, there was testimony that the configuration of the guard remained unchanged. Considering as true all evidence favorable to plaintiff, sufficient evidence of causation was presented to require submission of the question to the jury.

REVERSED.

HARGRAVE, C.J., and DOOLIN, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

OPALA, V.C.J., and LAVENDER and SIMMS, JJ., dissent.