LINSELL *v.* LINSELL.[1]

1. ACTION ON ACCOUNT—WITNESS—CREDIBILITY—INSTRUCTION.
Where, in an action to recover an alleged balance due, defendant alone testifies to payment, and plaintiff testifies as to statements of defendant that he did not want anything for the rent of certain premises, which rent he claims constituted the payment, the testimony of plaintiff justifies the jury in

[1]Rehearing denied December 7, 1904.

discrediting defendant's testimony, and a charge compelling the jury to credit defendant's testimony is erroneous.

2. VARIANCE — AMENDMENT — WAIVER — ESTOPPEL   TO   ALLEGE ERROR.

   Where an objection was made when the trial commenced that there was a variance between plaintiff's pleadings and proof, in that she described her cause of action as arising out of certain notes, whereas her evidence was on the theory of an open account, and to meet the objection plaintiff was permitted to amend her bill of particulars, after which the objection was not urged, and the verdict was in defendant's favor, he is estopped, on error, to assert that the assumption that there was no variance, on which the trial proceeded, was unfounded.

Error to Wayne; Mandell, J. Submitted October 7, 1904. (Docket No. 45.) Decided October 18, 1904.

Assumpsit by Martha Linsell against Henry Linsell. There was judgment for plaintiff for less than the amount claimed, and plaintiff brings error. Reversed.

*Frank C. Moriarty* and *Lehmann & Riggs*, for appellant.

*William E. Henze*, for appellee.

CARPENTER, J. May 25, 1901, an interest of plaintiff's husband in the estate of his deceased mother was conveyed to defendant, his brother, for the agreed consideration of $1,000. Part of this consideration was paid in cash. The cause of action for the balance was assigned to plaintiff by her husband, who brought this suit to recover the same. Defendant testified that this balance was paid by the settlement of two accounts—the principal one of which was for rent—owed to him by his brother. The trial court, by his charge, in effect compelled the jury to credit this testimony. Was this error ?

According to the testimony of defendant, the arrangement whereby the unsettled accounts were to be paid by the transfer of the interest in the estate was made several days before the transfer was actually made, at an inter-

138 Mich.—5.

view when no one but himself and his brother were present. His claim of payment, therefore, depends entirely upon the credit to be given to his unsupported testimony. Plaintiff testifies that when the deed was made, she said to the defendant, "that my husband should have the first show to take $500, and if he didn't do right with it, I should come in on the other $500," and that the defendant "didn't say anything." She also testifies that though she and her husband had occupied defendant's property, the latter said, shortly before the conveyance in question was made, that "he didn't want anything for the rent." It seems to us clear that this testimony of plaintiff justified the jury in discrediting defendant's testimony, and that therefore the charge under consideration was erroneous. See *Michigan Pipe Co.* v. *Insurance Co.*, 92 Mich. 488. See, also, *Goppelt* v. *Burgess*, 132 Mich. 28.

The suggestion is made in appellee's brief that plaintiff's pleadings describe her cause of action as arising out of certain note or notes, and that she cannot therefore recover on the open account which her evidence tends to establish. This objection of variance was made when the trial commenced in the lower court. To meet it, plaintiff's counsel was permitted to, and did, amend his bill of particulars. Afterwards the objection was not urged. We are bound, therefore, to say that the trial proceeded upon the assumption that there was no variance. Defendant cannot now assert that this assumption, upon which he obtained a verdict, was unfounded. See *Wineman* v. *Fisher*, 135 Mich. 604.

The judgment of the circuit court is reversed, and a new trial granted.

The other Justices concurred.