ANDERSON *v.* CONTERIO.

1. AUTOMOBILES—PASSENGERS—GUESTS—DEMONSTRATION BY SALES-
   MAN.

   A passenger in an automobile was not a guest within the mean-
   ing of the guest act if the purpose of the trip on which the
   parties had gone was that of ''demonstrating'' the car by
   the salesman either as agent of car dealer or on his own be-
   half (1 Comp. Laws 1929, § 4648).

2. SAME—DEMONSTRATION OF CAR BY SALESMAN—QUESTION FOR
   JURY—PARTIAL IMPEACHMENT.

   In passenger's action against car dealer and a salesman for in-
   juries sustained as result of latter's negligence, testimony
   as to whether latter was then ''demonstrating'' car to plain-
   tiff, while in conflict and that of plaintiff and his corroborat-
   ing witness impeached to some extent, presented question for
   jury where it cannot be said that testimony so impeached was
   deprived of all probative value or that the jury could not be-
   lieve it.

3. APPEAL AND ERROR—CREDIBILITY OF WITNESSES—QUESTION FOR
   JURY.

   The credibility of witnesses is a matter for the jury where the
   testimony on a question of fact is in conflict and is not a
   matter for the Supreme Court.

4. AUTOMOBILES—DEMONSTRATION OF CAR—SIDE TRIP.

   In action for injuries sustained by passenger while in car be-
   longing to defendant salesman, wherein it is alleged car was
   being ''demonstrated'' to plaintiff by conveying him from de-
   fendant's garage to county fair in neighboring city, fact that
   side trip for another purpose was taken to yet another city
   would be immaterial on issue of ''demonstration'' where ac-
   cident occurred after side trip was completed and car was
   on route from county fair to dealer's or salesman's garage.

5. SAME—SALESMAN—NEGLIGENCE—EVIDENCE.

   In action by passenger to whom car was being demonstrated
   against dealer and salesman for injuries sustained due to
   alleged negligence of latter in crashing into a telephone pole,

Employer of independent contractor not generally liable for bodily
harm caused by the contractor, see 2 Restatement, Torts, § 409.

Privity of two tortfeasors or two obligors, see Restatement, Judg-
ments, § 94, comment a.

Distinction between judgment for or against one of several tort-
feasors from voluntary release of one of them, see Restatement, Judg-
ments, § 94, comment a.

evidence of salesman's negligence was sufficient to support verdict for plaintiff against defendant salesman.

6. TRIAL—INSURANCE—PERSONAL INJURIES—DENIAL OF MISTRIAL.

In passenger's action against car dealer and salesman for injuries sustained because of latter's negligence while demonstrating car, where dealer's attorney first brought question of insurance into case in cross-examination of salesman and no objection was made and salesman's answer tending to discredit plaintiff afforded some justification for further inquiry by plaintiff's counsel, denial of defendant's motion for mistrial accompanied by instruction to jury to disregard any reference to insurance when plaintiff pursued subject on recross examination *held*, proper under circumstances.

7. AUTOMOBILES—STATUS OF SALESMAN—COMMISSIONS—CONTROL—INDEPENDENT CONTRACTOR.

Automobile salesman who owned his own demonstrator and received a commission on all cars sold through his efforts but was in no way under the control of the dealer in performance of his work was an independent contractor.

8. PLEADING—AMENDMENT TO CONFORM TO PROOFS.

Under the court rules a declaration can be amended to conform to the proofs (Court Rule No. 19 [1933]).

9. JUDGMENT—SALESMAN—INDEPENDENT CONTRACTOR—AUTOMOBILES.

In passenger's action against car dealer and salesman for injuries sustained while latter was demonstrating car, where salesman could show no prejudice because action was brought against defendants jointly and proofs showed him to be an independent contractor liable for his own torts, it was proper to enter judgment in favor of dealer and against salesman.

10. DAMAGES—EXCESSIVE VERDICT—REMITTITUR.

Judgment of $3,500, entered after filing of remittitur of $1,500 from verdict of $5,000 for injuries received by motorist's, passenger, now dead, in collision with telephone pole, *held*, not excessive.

Appeal from Gogebic; Landers (Thomas J.), J. Submitted June 4, 1942. (Docket No. 76, Calendar No. 41,963.) Decided September 9, 1942.

Case by Edwin Anderson, Jr., against Battista Conterio and Gogebic Auto Company, a Michigan

corporation, for damages for personal injuries sustained in a motor vehicle collision while a passenger in defendant Conterio's automobile. Verdict and judgment for plaintiff against defendant Conterio. Remittitur filed. Defendant Conterio appeals. Edwin Anderson, Sr., special administrator of estate of Edwin Anderson, Jr., substituted as party plaintiff. Affirmed.

*Jerome C. Nadolney* (*Ray Derham,* of counsel), for plaintiff.

*S. W. Patek* (*L. J. McManman,* of counsel), for defendant Conterio.

BUSHNELL, J. Plaintiff Edwin Anderson, Jr., brought an action for damages against defendants Battista Conterio and Gogebic Auto Company, a Michigan corporation, because of injuries suffered in an accident sometime between the hours of 8 p.m., July 10, 1940, and 1 a.m., July 11, 1940, while he was an occupant of a motor vehicle being driven by defendant Conterio. Plaintiff claimed that at the time of the accident Conterio was in the performance of his duties as a salesman or agent of defendant Gogebic Company and was then demonstrating to plaintiff an automobile for the purpose of effecting a sale.

Conterio operated a garage at Marenisco, Michigan, where he lived. Defendant Gogebic Auto Company had its salesroom at Bessemer, Michigan. On the afternoon in question Anderson and his friend, Virgil LeBeouf, left Marenisco with Conterio in his automobile and traveled through Bessemer to Ironwood, where they visited the carnival at the county fair. They remained there for over an hour and then drove to Hurley, Wisconsin, where they spent about two hours, had some beer, and left Hurley

about 12:30 a.m. for Marenisco. Anderson claimed that, while Conterio was attempting to pass another car on the highway between Ironwood and Bessemer, he operated his car in such a negligent manner that it crashed against a telephone pole and severely injured him.

Conterio claimed that Anderson and LeBeouf were guest passengers and that the trip was made solely for the purpose of attending the county fair. Anderson claimed the visit to the fair at Ironwood and the side trip to Hurley were incidental, but that the real purpose was to demonstrate the car so as to induce him to purchase one of like make from the Gogebic Company, who would in turn pay Conterio a commission on the sale.

Both defendants moved for a directed verdict at the close of plaintiff's case, which motions were denied, and these motions were renewed before the case was submitted to the jury. The court reserved decision on the motion for directed verdict in favor of the Gogebic Company and denied the motion for directed verdict in favor of Conterio. The jury returned a verdict in favor of Anderson in the sum of $5,000 against Conterio and found no cause of action as against Gogebic Company. Conterio sought a new trial, which was granted by the court, unless plaintiff consented to a remittitur of $1,500. Upon filing the remittitur, judgment was entered against Conterio in the sum of $3,500.

We are informed in plaintiff's brief that, since the appeal was entered, a suggestion of plaintiff's death has been filed and that his father has been appointed special administrator.

The questions raised on appeal by Conterio can be summarized as follows:

1. Did a host-guest relationship exist as a matter of law?

2. Did plaintiff produce sufficient evidence to support the jury's finding of negligence?

3. Did the trial judge err in refusing to declare a mistrial because of certain references to insurance?

4. Is the verdict inconsistent with plaintiff's pleadings and proofs?

If the purpose of the trip was that of "demonstrating" the car by Conterio either as agent for Gogebic Company or on his own behalf, plaintiff was not a "guest" within the meaning of the guest act. *McGuire* v. *Armstrong,* 268 Mich. 152, 157 (36 N. C. C. A. 252); *Pietrantonio* v. *Tonn's Estate,* 278 Mich. 535. See 1 Comp. Laws 1929, §.4648 (Stat. Ann. § 9.1446). The testimony on this point is in direct conflict, and that of plaintiff and his corroborating witness, LeBeouf, was impeached to some extent. However, it cannot be said as a matter of law that the testimony thus impeached was deprived of all probative value or that the jury could not believe it. The credibility of witnesses is for the jury, and it is not for us to determine who is to be believed. *Linsell* v. *Linsell,* 138 Mich. 64; and *Reed* v. *McCready,* 170 Mich. 532. The question of whether the trip was for the purpose of demonstrating the car or of visiting the fair was one of fact. The side trip to Hurley cannot affect the situation because the accident happened between Ironwood and Marenisco, just west of Bessemer.

The testimony regarding the accident is conflicting but there is sufficient evidence of defendant's negligence to support the verdict of the jury.

The matter of insurance was first brought into the case by counsel for Gogebic Company while cross-examining Conterio. No objection was made at that time. Conterio's answer which mentioned insurance tended to discredit Anderson and it would

seem that there was some justification for further inquiry along that line by Anderson's counsel. When the subject was pursued on re-cross examination, an objection was offered by defendants and a mistrial requested. The court denied the request and instructed the jury to disregard any reference to insurance. The ruling of the trial judge was proper under the circumstances. *Morris* v. *Montgomery,* 229 Mich. 509; and *Stehouwer* v. *Lewis,* 249 Mich. 76 (74 A. L. R. 844).

Plaintiff's declaration read in part:

"Plaintiff was an occupant of said motor vehicle which was being driven and operated by defendant Conterio in the performance of his duties as a salesman and/or agent, and was then and there demonstrating to plaintiff an automobile."

The testimony shows that Conterio was what is sometimes characterized as a "bird dog" for Gogebic Company. He owned his own demonstrator which he bought from the Gogebic Company at a discount, and, although he received a commission on all cars sold through his efforts, he was in no way under the control of the Gogebic Company in the performance of his work. Plaintiff's declaration seems to be based upon a principal and agent theory, but Conterio's status was shown to be that of an independent contractor. As to this relationship the jury was properly instructed and its verdict indicates that it was based upon a finding that Conterio was an independent contractor. Under Rule No. 19 of the Michigan Court Rules (1933), plaintiff's declaration can be amended to conform to the proofs, if necessary. Defendant Conterio does not show that he has been prejudiced by any variation between the pleadings and the proofs. As an independent contractor, Conterio is liable for his own

torts and, since the proofs show that he was demonstrating the car in his own behalf, Anderson was not a guest passenger. Under this view of the case the verdict and judgment are consistent with the proofs. Upon the finding that the relationship of principal and agent did not exist but that Conterio was an independent contractor, it was proper to enter a judgment in favor of the Gogebic Company and against Conterio, notwithstanding the fact that they were sued jointly. See 1 Searl, Michigan Pleading and Practice, p. 395; *Sutton* v. *Benjamin,* 231 Mich. 153.

The damages awarded by the jury as reduced by the court are not excessive.

The judgment is affirmed, with costs to appellee.

CHANDLER, C. J., and BOYLES, NORTH, STARR, BUTZEL, and SHARPE, JJ., concurred. WIEST, J., did not sit.