REDDICK v. GILLIAM.
No. 35485.

Supreme Court of Oklahoma.
Nov. 24, 1953.

Jay W. Whitney, Leslie Webb, Tulsa, for plaintiff in error.

Harold McArthur, Truman R. Rucker, Thomas L. Palmer, Tulsa, for defendant in error.

WELCH, Justice.

The deceased Ollie Arch Gilliam died as a result of injuries caused by the negligence of one Wilson, who at the time, was driving a taxicab in the City of Tulsa as one of the units comprising the operation of fourteen or more taxicabs under the name of Sunset Cab Company. One Thomas owned the car driven by Wilson.

Plaintiff sued Wilson, the driver, Thomas, the car owner, A. R. Reddick doing business as the Sunset Cab Company, and thirteen other named individuals as car drivers who made up the total operation of taxicabs using the name Sunset Cab Company.

At the outset of the trial all defendants admitted that the death of Gilliam was caused by the negligence of the defendant Wilson, and that Thomas was responsible for the negligent acts of Wilson, his employee and agent, reserving the question of the agency of Wilson as to the other defendants.

At the close of plaintiff's evidence all "thirteen other individuals" above mentioned went out of the case by demurrer. There was verdict and judgment for $19,833.33 against Wilson, Thomas, and A. R. Reddick, d/b/a Sunset Cab Company. The judgment against Wilson and Thomas has become final and this is the separate appeal of Reddick.

For reversal Reddick urges (1) error in admitting in evidence a number of indemnity bonds covering the car operated by Wilson and the "thirteen other individuals;" and (2) error in the giving of instruction No. 7 to the jury:

"Certain indemnity bonds executed and on file with the City of Tulsa, have been admitted in evidence.

"You are instructed that the only purpose for which you may consider such evidence is to show the business relationship of the various defendants.

"You are further instructed that the policies executed on cars other than the car driven by Wilson, at the time of the accident, may not be considered by you as fixing any financial responsibility on the part of the defendants or either of them."

And (3) error of the court in overruling Reddick's demurrer to the evidence and motion for an instructed verdict at the conclusion of all the evidence.

An examination of the record discloses that Reddick is the sole owner and operator of the service to cab drivers on his line which he calls the Sunset Cab Company; that the taxicabs on his line, two owned by himself, and fifteen or twenty owned by others, bear the insignia of the taxicab company; that upon a per day or per week basis and charge, he furnished headquarters for patron's phone calls and transmitted directions and calls to the individual drivers. All this is shown by the testimony and admissions of Reddick himself. The operations here are strikingly similar to the method of operation shown in P. & S. Taxi & Baggage Co. v. Cameron, 183 Okl. 226, 80 P.2d 618, where we held proof of such operation was sufficient to create agency between the cab driver and the operator of the so-called taxicab company.

Although Reddick here urges that the evidence is not sufficient to show agency and is not sufficient to charge him with liability for the negligence of Wilson, the exact opposite is true under the rule of the P. & S. Taxi case. We must regard the rule of that case as binding and controlling on that point in this case.

Thus, in this case we have the unusual situation of the defendant (1) admitting the negligence charged, (2) admitting that the negligence caused the death of plaintiff's husband, and (3) admitting by his own testimony the detail of facts as to his operation of the business, which facts have been held sufficient to establish liability for the damages resulting from the admitted negligent injury and death.

In such an action as this it ordinarily is error and ordinarily it is reversible error to permit plaintiff to put in evidence the fact that the defendant carries liability insurance. 56 A.L.R. 1418 et seq.; Hankins v. Hall, 176 Okl. 79, 54 P.2d 609; Bratton v. White, 181 Okl. 543, 75 P.2d 474, and

Beatrice Creamery Co. v. Goldman, 175 Okl. 300, 52 P.2d 1033–1035.

But in this case there is no contention that the verdict and judgment for $19,000 for wrongful death is excessive, and no attack whatever is made upon the amount of the verdict. Then if we assume that the amount of the verdict deserves no attack, since no attack is leveled at it, and since the defendant Reddick admitted each and all of the other issues of fact, the question arises not only how was Reddick prejudiced by the erroneous admission of evidence? but also how could he possibly have been prejudiced thereby? He was not prejudiced as to the amount of the verdict, for no attack is made and no question whatever is raised as to the amount. He was not prejudiced as to the question of negligence for he admitted that. He was not prejudiced on any issue of causal connection because he admitted that the negligence relied on was the cause of the death of plaintiff's husband. He was not prejudiced on the issue of agency or the issue of his responsibility for the negligence of Wilson, because he, Reddick, testified to facts which demonstrated his responsibility under the rule of the P. & S. Taxi case above cited, unless for some reason that rule would not be controlling in this case, and we observe no such reason.

We are convinced that this record demonstrates not only the lack of any prejudice against Reddick, but that the record of his admissions and the result of the trial demonstrate the lack of any possibility of prejudice in the minds of the jurors as to any issue which was submitted to and passed upon by the jury.

For the same reason any reference which the court made in its instructions to the indemnity bonds in evidence did not and could not have resulted in any prejudice of defendant's cause before the jury.

We therefore conclude that the defendant Reddick shows no right to reversal of this judgment. In reaching that conclusion we do not infer the slightest relaxation of the well-settled rule against the admissibility in evidence of proof that the defendant carried indemnifying insurance, nor the rule that generally the presentation of such evidence requires the granting of a mistrial, or justifies and requires a reversal on appeal. This case is of course an exception to that rule, and we place this exception precisely and definitely on the admissions of the appealing defendant. If it is possible for admissions of the defendant to demonstrate harmless error as to such evidence and instructions as are here involved, then the admissions in this case go that far. We hold that is possible and that the admissions here present the demonstration above noticed. We rest our determination here on the conclusion that however erroneous was the evidence admitted, the admissions of the appealing defendant preclude any question of prejudice or the loss of any rights of the appealing defendant by reason of any such error.

Judgment affirmed.

JOHNSON, V. C. J., and CORN, DAVISON, ARNOLD, WILLIAMS and BLACKBIRD, JJ., concur.

O'NEAL, J., dissents.