FLORA TURNAGE ADAMS v. SAMUEL M. GODWIN, D/B/A GODWIN SALES COMPANY.

(Filed 3 May, 1961.)

**Appeal and Error § 41—**
    It will not be held for error that the court refused to withdraw a juror and order a mistrial upon the intimation to the jury that defendant was protected by liability insurance when such fact is brought out by defendant's own counsel upon cross-examination of plaintiff, and substantially the same information is brought out on other occasions without objection, and any prejudicial effect being further obviated by common knowledge that liability insurance is required by law.

---

ADAMS *v.* GODWIN.

---

APPEAL by defendant from *Hobgood, J.,* October Civil Term 1960 of JOHNSTON.

This is a civil action instituted by the plaintiff to recover for personal injuries and property damage allegedly caused by the negligence of an employee of defendant. The cause of action grew out of a motor vehicle collision between a 1958 Edsel automobile owned and operated by the plaintiff and a 1950 Chevrolet truck owned by the defendant and operated by his employee, Raymond Howard Jackson, in the course and scope of his employment.

This case was here at the Spring Term 1960 of this Court and is reported in 252 N.C. 471, 114 S.E. 2d 76, where the facts are fully stated.

In the trial below the issues of negligence, contributory negligence and damage were answered in favor of the plaintiff, and from the judgment on the verdict the defendant appealed, assigning errors.

*R. E. Batton; Levinson & Levinson for plaintiff appellee.*

*Smith, Leach, Anderson & Dorsett; C. K. Brown, Jr.; Canaday & Canaday for defendant appellant.*

PER CURIAM. The defendant assigns as error the admission of certain evidence relating to insurance. This evidence was brought out in a vigorous cross-examination of the plaintiff by defendant's counsel. Moreover, later on, during the further cross-examination of this same witness, substantially the same information was brought out twice more and no objection or exception was made or entered thereto.

We have repeatedly held that an exception is waived when other evidence of the same import is admitted without objection. *Spears v. Randolph,* 241 N.C. 659, 86 S.E. 2d 263; *Wilson v. Finance Co.,* 239 N.C. 349, 79 S.E. 2d 908; *White v. Price,* 237 N.C. 347, 75 S.E. 2d 244.

The authorities seem to support the view that when defendant's counsel opens the door to a certain line of inquiry, he will not be heard to complain if the inquiry when pursued brings to light the fact that the defendant is covered by liability insurance. *Gayson v. Daugherty,* 190 Wash. 133, 66 P. 2d 1148; *Garee v. McDonnell* (CCA 7th Cir.), 116 F. 2d 78; *Anderson v. Conterio,* 303 Mich. 75, 5 N.W. 2d 572; *Todd v. Libby McNeill & Libby* (Mo. App.), 110 S.W. 2d 830; *Kaley v. Huntley* (Mo. App.), 88 S.W. 2d 200.

Furthermore, it is now a matter of general knowledge that the owner of a motor vehicle in North Carolina is required by law to carry liability insurance at least to the extent required by the Motor Ve-

hicle Safety and Financial Responsibility Act of 1953, codified as G.S. 20-279.1 to 20-279.39.

This assignment of error is overruled.

Other assignments of error are without sufficient merit to warrant a disturbance of the verdict and judgment entered below.

Affirmed.