**Joseph W. HUTTON, Plaintiff in Error,**

**v.**

**Ada Lee LOWRY, Defendant in Error.**

**No. 41319.**

Supreme Court of Oklahoma.

July 23, 1968.

Rehearing Denied Sept. 10, 1968.

Charles W. Stubbs, Oklahoma City, for plaintiff in error.

Vernon C. Field, Lawton, for defendant in error.

BLACKBIRD, Justice.

Defendant in error, hereinafter referred to as "plaintiff", was the driver of one of the two automobiles involved in a collision at a street intersection in Lawton. Plaintiff in error, hereinafter referred to

as "defendant", was the driver of the other auto.

When plaintiff thereafter sued defendant in the present action for damages for personal injuries she allegedly suffered on account of defendant's negligence in causing the collision, she alleged, among other things, that she had been gainfully employed at the rate of $400.00 per month, and that, as a result of the collision, she had suffered excruciating pain, had been hospitalized for a certain period, and had sustained permanent injuries, and diminishment of her earning capacity. Included in plaintiff's alleged medical expense of $1355.00 was one item of $689.00, covering various doctors' bills, and another item of $642.00 for hospital expenses. The total amount of damages she prayed for was $27,255.00, including items for pain and suffering, and future medical expenses.

About three months before the trial, and pursuant to a motion filed by defendant to require her "to submit to an independent doctor for physical examination * * *", the court ordered plaintiff to submit herself to a Dr. S for such an examination.

At the trial, after plaintiff had testified, on cross examination, to having been attended by other doctors, and that Dr. S had examined her "by order", defense counsel then asked her if he had given her such an order, and her cross examination continued as follows:

"A  I don't know who gave me an order but somebody told me to go to him.

"Q  Your attorney advised you to go, did he not?

"A  It was under my impression that * * * anyway I was requested to go to him, and I did go to him for examination."

Plaintiff's chief doctor, and medical witness, was a general surgeon we will refer to as "Dr. D". After Dr. D testified, on direct examination, that he had first attended plaintiff about 48 hours after the collision, and he indicated some difficulty in diagnosing her case, even with the assistance of consulting specialists she had been referred to, during the period of approximately two years she had intermittant medical attention, defense counsel launched an extensive cross examination of Dr. D concerning plaintiff's referral to other doctors. Two of these were a Dr. R and a Dr. G. After ascertaining from cross examining Dr. D that he had referred plaintiff to Dr. R, defense counsel then asked Dr. D if he had sent plaintiff to Dr. G. The witness answered:

"A  Yes, I think we sent her over to him. I can't recall whether I did or the Insurance Company, but we sent her over."

Defense counsel made no objection to the witness's answer, nor did he ask that the part containing the words "Insurance Company" be stricken from the record, or that the jury be admonished not to consider it, but, instead, continued with the witness's cross examination. However, sometime later, after the witness's redirect examination, and after plaintiff had been recalled and interrogated by her own counsel, and the court had taken a short recess, defendant counsel, during proceedings in the Judge's chambers, moved for a mistrial on the ground that the witness, Dr. D, (as above shown) had "voluntarily stated to the court, in the presence of the jury, that there was insurance involved in the case * * *". The court overruled this motion and allowed defendant exceptions.

Thereafter, during his closing argument to the jury, defense counsel expressed the opinion that plaintiff did not have any injuries. Thereafter, in plaintiff counsel's closing argument, he referred to defense counsel's cross examination of plaintiff concerning the circumstances under which she went to Dr. S for an examination, and he explained to the jury that it was the court, on the defendant's motion, that ordered her to go to that doctor.

Upon the case being submitted to the jury, a verdict for plaintiff in the lump sum of $15,000.00 was rendered, and judgment was entered accordingly. After the overruling of his motion for a new trial, defendant lodged the present appeal.

In, and under, the two propositions defendant urges for reversal, he complains generally that the jury was apprised, during the portions of the trial proceedings above described, that he had liability insurance. He charges that this was the effect of the above quoted portion of Dr. D's cross examination, and contends that the trial court erred in overruling his above mentioned motion to declare a mistrial.

■ Plaintiff denies that Dr. D's quoted answer informed the jury that defendant was indemnified by liability insurance against loss from a claim such as was involved here; and she relies on previous decisions of this court referred to in the quotation from M & P Stores, Inc. v. Taylor, Okl., 326 P.2d 804, appearing in Smith v. Hanewinckel, Okl., 405 P.2d 99, 103, to the effect that whether or not testimony *is* prejudicial and *effectually* informs the jury that defendant is protected against a judgment by insurance, *depends essentially upon the facts and circumstances of each case.* Plaintiff contends, in substance, that Dr. D's vague reference to "the Insurance Company" is analogous to that of the witness, Mr. Fox, in Westgate Oil Co. v. McAbee, 181 Okl. 487, 74 P.2d 1150, and urges application of the rule her counsel quotes from the annotation at 4 A.L.R.2d 761, 819, as follows:

"Where a reference to insurance leaves it in doubt as to whether it is liability insurance which is referred to or some other type of insurance, and where it is uncertain whether it is plaintiff's or defendant's insurance about which a reference has been made, the courts are inclined to regard the reference to insurance as relatively harmless."

Under his "PROPOSITION II", defendant contends that plaintiff counsel's reference, in his closing argument, to the fact that Dr. S's examination of plaintiff was ordered by the court, helped to apprise members of the jury that he was covered by insurance, so that if they had previously had any doubt of this, after Dr. D's testimony, they needed no "imagination" to so conclude, after that closing argument.

In all of the cases cited by defendant under her "PROPOSITION I", the plaintiff, or his counsel, had a part in the mention of insurance in the presence of the jury. See Redman v. McDaniel, Okl., 333 P.2d 500, Reddick v. Gilliam, Okl., 263 P.2d 742, 743, Dolliver v. Lathion, 183 Okl. 329, 82 P.2d 675, and Yoast v. Sims, 122 Okl. 200, 253 P. 504; 56 A.L.R. 1418.

In Pratt v. Womack, Okl., 359 P.2d 223, it was plaintiff's husband, testifying as a witness on her behalf, who made the statement (referring to the defendant as "they") that: "I was very sure that they carried compensation." There we agreed with defendant's contention on appeal that the trial court erred in allowing the jury, by its instructions, to consider plaintiff's allegation that he had incurred medical expenses of $550.00, when there was no evidence to support that allegation; but we then said:

"In view of our final disposition of this case, however, requiring a remittitur by plaintiff, such error was harmless."

In that opinion, this court then proceeded to consider defendant's contention "that the trial court should have granted a mistrial because of the injection of insurance into the case, * * *". During the course of discussing that contention, we said:

"In Redman v. McDaniel, Okl., 333 P.2d 500, we held that prejudice results as a matter of law when it is made to appear that defendant is covered by liability insurance. At page 503 of the opinion, we said:

"'In some of our former decisions where plaintiffs informed the jury that defendants were protected by insurance, we refused to reverse the trial court because we could not say that a new trial would result in a different finding, or result in a smaller verdict. Stated another way, we refused to reverse because we were unable to say that the improper conduc

had any prejudicial influence upon the jury. These decisions are not realistic. They are in conflict with the view that *prejudice results when the jury knows that an insurance company will have to pay the judgment.* It permits a plaintiff to deliberately inject beneficial prejudice into the case which experience has demonstrated will usually be reflected in a larger recovery. It permits a plaintiff to retain that larger recovery for the simple reason that it is difficult, if not impossible, for this court to segregate and identify the harm done. This type of decision encourages improper conduct.

"'Since we are of the view that knowledge of insurance coverage will cause a jury to render a larger verdict, and in some cases render a verdict in favor of the plaintiff when otherwise they would not, it becomes the duty of this court to compensate for the harm done by appropriate action. In some cases this may be done by directing a remittitur. In other cases it may be necessary to grant a new trial.'

"The action taken by this court will depend upon the facts and circumstances of each particular case * * *." (Emphasis added.)

Defendant says that in Reddick v. Gilliam, supra, we held that "Prejudice results as a matter of law when it is made to appear that defendant is covered by liability insurance." We believe that he has misinterpreted our decision in that case, and that the emphasized part of the above quotation from Pratt v. Womack, supra, comes nearer supporting such a hypothesis, than anything we said in Reddick v. Gilliam, supra. In the Reddick case, we recognized that ordinarily it is reversible error "to permit plaintiff to put in evidence the fact that the defendant carries liability insurance", but we also there applied the rule that the action taken by this court on appeal, if any, depends on the facts and circumstances of the case, and refused to reverse the judgment appealed

from on account of the ordinarily prejudicial admission of such evidence, *where no actual prejudice was shown to have resulted therefrom.* Our more recent opinion in Oklahoma Transportation Co. v. Claiborn, Okl., 434 P.2d 299, also recognizes that it is error to make reference to defendant's insurance, but we held that "such reference is harmless unless the defendant's rights are prejudiced thereby." See also Batts v. Carter, Okl., 312 P.2d 472. In 8 Am.Jur.2d, "Automobiles and Highway Traffic", § 965, it is said:

"* * * Where a reference to insurance leaves it in doubt as to whether it is liability insurance which is referred to, or some other type of insurance, and where it is uncertain whether it is plaintiff's or defendant's insurance to which the evidence refers, the courts are inclined to regard the reference to insurance as relatively harmless. In cases where it does not appear that there is any necessary relationship between an allegedly objectionable question or testimony and insurance, it will usually be held that no prejudicial error has been committed. The conduct of defendant's counsel may be such as to estop him from successfully making the objection that a question or testimony as to insurance is such prejudicial error as to require the declaration of a mistrial; or it may be that a motion for a mistrial will be refused because defendant's counsel does not make a timely objection. * * *."

There are statements from other jurisdictions, concerned with situations somewhat similar to the one in this case, that might be employed to partially, or wholly, support the argument in plaintiff's brief, and/or the above quoted statement. See, for instance, Flatt v. Hill, Tex.Civ.App., 379 S.W.2d 926, 927; Grossman v. Tiner, Tex.Civ. App., 347 S.W.2d 627, 629; Ramsey v. Deatherage, Ky.App., 342 S.W.2d 715, 717, 718; and Rose v. Edmónds, 271 Ky. 36, 111 S.W.2d 427. In Zeller v. Wolff-Wilson, Mo.App., St.L.Div., 51 S.W.2d 881, 884, the court, in speaking of the offending witness, said: "* * * the witness, not

being a party in interest, his conduct ought not to be charged against the plaintiff in the absence of some showing of a deliberate attempt to bring about prejudice against the defendant." However, in Haynes v. Graham, 192 S.C. 382, 6 S.E.2d 903, which dealt with a situation more like the one in the present case, and in which the court's views with reference to the unimportance of whether, or not, the reference to defendant's insurance is elicited by *his* attorney, if "its baleful effect" results, seem to more nearly coincide with our own, no consideration was given to whether the medical witness was a "party in interest", or not; and the court said it made no difference that no motion was made to strike out his offending testimony. However the court there did appear to consider the element of estoppel by the quotation it included in its opinion from Horsford v. Carolina Glass Co., 92 S.C. 236, 75 S.E. 533.

■ Similarly, we do not think the defendant should be allowed to gain the advantage of a new trial, where, as here, he made no objection to Dr. D's answer (of which he now complains) and made no move to obviate its possible effect upon the jury's consideration of the case, until after this witness had left the stand and another witness had been examined, (see Anderson v. Conterio, 303 Mich. 75, 5 N.W.2d 572), and, even now, makes no claim that the jury's verdict was excessive or was not amply supported by the evidence. Defendant's lack of any claim, or showing, of prejudice to him, by Dr. D's mention of "the Insurance Company" is reminiscent of the plaintiff in error's position in Reddick v. Gilliam, supra. To allow him a new trial under the circumstances involved here, would have the effect of awarding him a new trial on account of testimony that got into the record as a result of his own counsel's question (see Adams v. Godwin, 254 N.C. 632, 119 S.E.2d 484 and Gayson v. Daugherty, 190 Wash. 133, 66 P.2d 1148, 1150) without any suggestion that the jury's verdict would have been different, had there been no

such testimony. If a party could obtain a new trial under the circumstances of this case, then we see no reason why he could not continue the litigation interminably, or until he obtained a favorable verdict, or coerced a favorable settlement by the threat of successive appeals. We therefore conclude that, under the circumstances of this case, Dr. D's hereinbefore quoted testimony constitutes no cause for reversal. In this connection, notice the discussion in Robinson v. Hreinson, 17 Utah 2d 261, 409 P.2d 121, 123, 124.

The judgment of the trial court is hereby affirmed.

IRWIN, V. C. J., and WILLIAMS, BERRY, LAVENDER and McINERNEY, JJ., concur.

JACKSON, C. J., and DAVISON and HODGES, JJ., concur in result.