2001 OK CIV APP 137

**Monty ANDERSON, Plaintiff/Appellant,**

v.

**Dr. Terrence BORING and Blackwell Regional Hospital, Defendants/Appellees.**

**No. 95,456.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Oct. 5, 2001.

As Corrected Oct. 26, 2001.

Modified Dec. 18, 2001.

mitting the appeal of this matter.

823

Joseph A. Sharp, Karen M. Grundy, Catherine L. Campbell, Matthew B. Free, Tulsa, OK, for Defendant/Appellee Terrence H. Boring, M.D.

John R. Paul, Eric G. Lair, Tulsa, OK, for Defendant/Appellee, Blackwell Regional Hospital.

## OPINION

GARRETT, Judge.

¶1 Monty Anderson was injured while at work. He filed a claim in the Workers' Compensation Court. He was treated for his rather severe injury by Dr. Terrence Boring at the Blackwell Regional Hospital. Anderson alleged that a serious infection occurred during his treatment causing additional personal injuries and damages. He alleged the infection and additional damages were caused by Appellees' negligence. He filed this tort action in district court against Appellees seeking damages in addition to his claim in Workers' Compensation Court. After a trial on the merits, the jury returned a verdict for Appellees. Anderson appeals.

¶2 Prior to the trial, Anderson filed a motion in limine seeking to prevent Appellees from mentioning the Workers' Compensation Court claim. The trial court, as applicable here, sustained the motion. During the trial, Anderson called Tracy McAreavy as his witness. She was an employee of the defendant hospital and is a physical therapist. On cross examination, she was handed a document which had already been received in evidence. The record reveals the following exchange:

A. [By Mr. Paul] Tell the jury what that document is?

A. This is the Outpatient Physical Therapy Registration, which gives detailed information about the patient, insurance, date of birth. It also is an area that the physical therapists is to fill out regarding diagnosis, areas treated, frequency, rehabilitation potential, and then specifically what was performed treatment-wise and what my goals of treatment were.

There was no objection at the time the question was asked and the answer given. However, when cross-examination by both defense lawyers was completed, and the witness was excused, Anderson's lawyer insisted that the court allow him to make a rec-

ord outside of the hearing of the jury, and it was permitted.

¶ 3 With the jury excused from the courtroom, Anderson moved for a mistrial. He contended: (1) the witness used the word "insurance" and this constituted a violation of the order in limine by bringing the Workers' Compensation claim into the case, and (2) the use of the word "insurance" constituted error which required a mistrial to be granted.

¶ 4 First, Appellees contend that Anderson waived any error by failing to make an immediate objection and motion for a mistrial. We agree that it is well settled in Oklahoma that a pre-trial order in limine is more advisory than anything else. In fact, such an order ordinarily advises the parties what the court will probably do if and when the issue arises during the trial. Thus, the objection must be promptly interposed when and if the issue arises during a trial. Here, and because of the importance of the "insurance" issue, it is easy to understand the reluctance of Anderson's lawyer to make the objection in the presence of the jury. We hold the objection was made at the first available opportunity. That is: it was done as soon as the questioning of that witness was completed. We fail to see a waiver.

¶ 5 Second, the record simply does not support the argument that the Workers' Compensation claim was mentioned or that the order in limine was violated. Workers' Compensation simply was not mentioned. When the document was offered in evidence, the original did contain information about the Workers' Compensation claim in the blank space following the word, insurance. Anderson's attorney quite properly objected to the document. Then it was agreed, again quite properly, that the insurance information would be redacted, and that was done. Subject to "cleaning up" the document, the objection was withdrawn. The document, when "cleaned up" was admitted in evidence. If the jury looked at it, they would have seen a form with the printed word, insurance, followed by a blank space. Again, we see no error in this respect.

¶ 6 Third. There was a time when Oklahoma followed a rule that it was ground for a mistrial for the word "insurance" to be mentioned in a tort trial. This absolute rule is no longer followed. The rule now followed is that prejudice must be shown. We agree that whether testimony is prejudicial and informs the jury that a party has insurance depends on the facts of each case. In support of that argument, Appellees cite the following: *Hutton v. Lowry*, 1968 OK 114, 444 P.2d 812; *Smith v. Hanewinckel*, 1965 OK 113, 405 P.2d 99; *M & P Stores v. Taylor*, 1958 OK 123, 326 P.2d 804; 4 A.L.R.2d 761, 1949 WL 6822.

¶ 7 An examination of this record fails to reveal any prejudice to Anderson arising from this "insurance" issue. For whatever it is worth, the defendant's verdict was reached by a vote of eleven jurors to one. In addition, the mistrial motion was presented and argued shortly after the event occurred and before another witness was called, and the court had been so unimpressed that he did not even remember the words used. The judge said he would simply have to stand on the record, whatever it showed. We fail to perceive any error.

¶ 8 AFFIRMED.

¶ 9 HANSEN, C.J., and BUETTNER, P.J., concur.