2011 OK CIV APP 58

**Lawrence BREEN, Plaintiff/Appellee,**

v.

**Courtney C. GARDNER, Defendant/Appellant.**

**No. 106,378.**

Court of Civil Appeals of Oklahoma, Division No. 2.

May 6, 2011.

Alan R. Carlson, Kevin R. Carlson, Garrison, Brown, Carlson & Buchanan, PLLC, Bartlesville, Oklahoma, for Plaintiff/Appellee.

Mark A. Warman, Wilkerson, Wassall & Warman, Tulsa, Oklahoma, for Defendant/Appellant.

Thomas D. Hird, Oklahoma City, Oklahoma, for Amicus Curiae Oklahoma Association of Defense Counsel.

John L. Harlan, Harlan Law Firm, Sapulpa, Oklahoma and Rex Travis, Oklahoma City, Oklahoma, for Amicus Curiae the Oklahoma Association for Justice.

JOHN F. FISCHER, Vice Chief Judge.

¶1 Defendant Courtney Gardner appeals the district court's denial of his motion for a mistrial and his motion for a new trial in Lawrence Breen's automobile negligence case. Gardner argues that the district court erred as a matter of law in denying a mistrial after the investigating highway patrol trooper testified that his investigation involved "taking down information, the driver's license and insurance on the accident." We affirm the decisions of the district court.

## BACKGROUND

¶ 2 In May 2006, Breen filed suit alleging Gardner negligently collided with his vehicle. Jury trial of the suit began in May 2008. Breen's first witness, a highway patrol trooper, testified regarding his investigation of the accident. The trooper testified that, when he arrived at the accident scene, he took notes on a number of particulars, including "insurance on the accident." Gardner's counsel immediately requested permission to approach the bench and moved for a mistrial on grounds of mention of "the 'insurance' word, the I-word." The district court recessed the jury, heard argument from counsel and took the motion for mistrial under advisement, allowing the parties the opportunity to present additional authority for the court's consideration. The trooper resumed his testimony before the jury, and was the only witness to testify on the first day of trial.

¶ 3 The next morning, the parties presented briefs on the insurance issue to the district court. The district court noted that in "all the cases" the expressed concern was the potential for prejudice, but that the majority of the cases involving automobiles predated Oklahoma's compulsory automobile liability insurance law. The district court also noted that, because of compulsory insurance, "almost anyone on the jury probably would have anticipated" that a highway patrol trooper would request insurance information from the drivers involved as part of the investigation of an automobile accident.[1] Further, the district court pointed out that the trooper's testimony did not disclose whether either party carried liability insurance or lacked proof of insurance. Based on its finding that the trooper's testimony "did not go to the issue of who's going to pay," the district court concluded that Gardner had not been prejudiced by the testimony and denied his motion for mistrial.

¶ 4 Breen presented testimony from several witnesses, including a doctor's videotaped deposition testimony, but Gardner did not present any witnesses.[2] The jury found in favor of Breen, awarding him damages of $170,000 pursuant to a general verdict form.

¶ 5 Gardner filed a motion for new trial, asserting that the trooper "advised the jury that the Defendant had insurance on the accident." Gardner claimed that the amount of the jury's verdict demonstrated prejudice "because Breen's medical bills were only $3,300." Gardner argued that "the interjection of liability insurance" required a new trial as a matter of law. The district court denied Gardner's motion for new trial.

¶ 6 Gardner appeals, claiming that the district court abused its discretion in denying his motions for mistrial and for new trial. The Oklahoma Association of Defense Counsel (OADC) and the Oklahoma Association for Justice (OAJ) sought, and were granted, leave to file briefs as amici curiae. Gardner is restricted on appeal to the issues raised in his motion for new trial. Okla. Sup. Ct. R. 1.22(C)(1), 12 O.S.2001, ch. 15, app. 1. The amici curiae are restricted to the issues raised and preserved by the parties. Rule 1.12(a)(1).

## STANDARD OF REVIEW

¶ 7 We review a trial court's order denying a motion for new trial for abuse of discretion. *Jordan v. General Motors Corp.,* 1979 OK 10, ¶ 4, 590 P.2d 193, 195. "An abuse of discretion occurs when a trial court exercises its discretion 'to an end or purpose not justified by, and clearly against, reason and evidence. It is discretion employed on untenable grounds or for untenable reasons, or ... which is manifestly unreasonable.'" *State v. Vaughn,* 2000 OK 63, ¶ 8, 11 P.3d

---

1. "Proof of such security shall be carried in the vehicle at all times and shall be produced for inspection upon request by any law enforcement officer or representative of the Department and, in case of collision, such proof shall be shown upon request of any person affected by the collision." 47 O.S.2001 § 7–601(C)(1). The failure to produce a security verification form to appropriate law enforcement is a misdemeanor. *See* 47 O.S.2001 § 7–606(A)(1).

2. In his designation of the record for appeal, Gardner requested transcription of only the trooper's testimony and the hearing on the motion for mistrial. Breen filed a counter-designation of record, requesting transcription of his voir dire of the jury. The appellate record does not include the pretrial order, trial exhibits or jury instructions.

211, 214 (quoting *Patel v. OMH Med. Ctr., Inc.*, 1999 OK 33, ¶ 20, 987 P.2d 1185, 1194). Unless the court clearly erred in resolving a "pure simple question of law" or acted arbitrarily, we will not disturb on appeal its refusal to grant a new trial. *Dominion Bank of Middle Tenn. v. Masterson*, 1996 OK 99, ¶ 16, 928 P.2d 291, 294.

## ANALYSIS

¶ 8 Gardner's brief in chief contains one proposition of error wherein he asserts: "Defendant Is Entitled To A New Trial." His appellate arguments center specifically on the following testimony by the highway patrol trooper:

> [Counsel for Breen] Question—Can you tell us what you did when you arrived on the scene?
>
> [The trooper] Answer—It was on a holiday, and the traffic had backed out into the roadway from pulling into the booths. I called an ambulance for a Mr. Breen's vehicle—or for he and his vehicle—and started taking down information, the driver's license and insurance on the accident, and the distances.

In his brief in chief, Gardner misstates the trooper's testimony. In his statement of facts Gardner claims that "Trooper McReynolds told the jury that the Defendant was insured;" and that "During his direct examination, Trooper McReynolds testified to the jury that the Defendant was insured by a liability insurance policy." The Trooper's actual testimony clearly fails to support these claims.

### I. The Parties' Arguments

■ ¶ 9 Relying primarily on the principles expressed in *Redman v. McDaniel*, 1958 OK 276, 333 P.2d 500, Gardner asserts that the trooper's reference to insurance required the district court to declare a mistrial as a matter of law because it informed the jury that an automobile liability insurance policy covered his liability for Breen's injuries. In its decision in *Redman*, the Court discussed the tension between the right of parties to question prospective jurors to reveal bias regarding the insurance industry, and the likelihood of prejudice created by a jury's knowledge that a defendant's insurance company will pay any judgment against the defendant. The Court recognized that " 'parties have a right to question prospective jurors on their business connections, among other things, in order to determine their fitness in the particular case, and this includes the matter of insurance companies when there is occasion to inquire thereon....' " *Id.* at ¶ 7, 333 P.2d at 500 (quoting *Lee v. Swyden*, 1957 OK 331, ¶ 12, 319 P.2d 1009, 1012). The Court found, however, that the plaintiff's counsel "went beyond the point of necessity in his voir dire examination and exhibited a reckless disregard for the rights of the defendants." *Id.* at ¶ 12, 333 P.2d at 502–03. The Court held that "where plaintiff's counsel ... unnecessarily and effectively suggests that the loss would fall upon an insurance company, prejudice results, and this court will review the evidence and grant appropriate relief either by directing a remittitur or by ordering a new trial." *Id.* at ¶ 0, 333 P.2d at 500 (Syllabus by the Court). In that context, the *Redman* Court stated its agreement with "the view that knowledge of insurance coverage will cause a jury to render a larger verdict, and in some cases render a verdict in favor of the plaintiff when otherwise they would not." *Id.* at ¶ 15, 333 P.2d at 503.

¶ 10 Breen argues that the trooper's statement was not prejudicial. Relying principally on *Hutton v. Lowry*, 1968 OK 114, 444 P.2d 812, Breen correctly points out that the trooper did not specifically testify whether one or both parties actually carried insurance, or, if so, the type of insurance carried. Breen further argues that the question of whether testimony effectually informs the jury that defendant is protected against a judgment by insurance must be evaluated in the context of Oklahoma's compulsory automobile liability insurance law, set out in 47 O.S.2001 §§ 7–600 through 7–612.

### II. The Amici Curiae Arguments

¶ 11 The amici curiae briefs offer two additional arguments. The OAJ points to *Tidmore v. Fullman*, 1982 OK 73, 646 P.2d 1278, arguing that statements about liability insurance are no longer considered prejudicial

because every owner and every driver of a motor vehicle are required by law to maintain liability insurance.[3] This argument is extrapolated from the following statement:

> [W]here the fact of liability insurance coverage is brought before the jury unnecessarily or forcefully where liability insurance coverage is not legislatively mandated and where the insurer has no direct liability to the claimant, such jury revelations are, as a matter of law, prejudicial.

*Id.* at ¶ 20, 646 P.2d at 1281. The OAJ concludes that because liability insurance is now "legislatively mandated," the rule announced in *Redman* and similar cases no longer applies. The OADC argues that the trooper's testimony was not only prejudicial, but also that prejudice is reflected in the ratio of the verdict to Breen's medical bills.

### A. *Tidmore* and Compulsory Liability Insurance

¶ 12 When the trial of this case occurred, section 7–601 of the "Compulsory Liability Insurance" article of the Financial Responsibility Act prohibited the operation of a motor vehicle unless the owner or operator maintained "security for the payment of loss resulting from the liability imposed by law for bodily injury, death and property damage." 47 O.S.2001 § 7–601(C)(1). Section 7–601.1 required a copy of the owner's insurance verification form to be carried in the motor vehicle "at all times" and to be "produced by a driver of the vehicle for inspection by any peace officer or representative of the Department of Public Safety." 47 O.S.2001 § 7–601.1(A)(1)(g)(2). These mandatory insurance verification cards contain a printed summary of this law. Owners may not renew state vehicle registrations without showing proof of liability insurance. *See* section 7.601.1(A)(1)(g)(1). Consequently, at the time this case was tried, any owner or operator of a motor vehicle subject to Oklahoma law was charged by law with the knowledge that liability insurance was required. The trooper's testimony in this case did nothing more than confirm his obligation to verify compliance with Oklahoma's compulsory liability insurance law. *See* section 7.601(C)(1).[4]

¶ 13 Contrary to Gardner's argument, *Redman v. McDaniel,* decided before the enactment of Oklahoma's compulsory liability insurance law, does not require a mistrial or a new trial every time the word insurance is mentioned during trial. *Hutton* and *Tidmore* clearly establish that principle. We agree with the district court; Gardner's right to a fair trial was not prejudiced by the trooper's testimony in this case.

### B. The Ratio Argument

 ¶ 14 The OADC argues that the prejudicial effect of the trooper's testimony is

---

3. Fullman, the plaintiff in *Tidmore,* sued his uninsured motorist (UM) insurance carrier to cover any amount of his loss exceeding the defendant's ability to pay. Consequently, the existence of insurance was directly relevant to Fullman's claim. But Fullman argued for more. He also sued defendant Tidmore's UM carrier. Fullman first argued that to establish his right to UM benefits he needed to prove not only that he had a UM policy but also that the liability limits of Tidmore's policy were inadequate. The Supreme Court distinguished *Oklahoma Transportation Co. v. Claiborn,* 1967 OK 77, ¶ 18, 434 P.2d 299, 303, and similar cases in which the legislature had specifically authorized the joinder of the insurer in cases involving motor carriers. Finding no similar basis for joining Tidmore's insurer, the Court held that Tidmore's insurer would not be a proper party, and, therefore, allowing the jury to hear evidence regarding Tidmore's liability insurance would be prejudicial. Further, even though Fullman's UM carrier was a proper party, the Court found that evidence regarding that insurance would still be prejudicial. Fullman's insur-

er had stipulated that UM coverage existed, and agreed to be bound by the jury's verdict determining Fullman's damages. Based on these stipulations, the Court concluded that the name of Fullman's UM carrier and the policy limits were no longer relevant and should not be admitted into evidence. *Tidmore,* 1982 OK 73 at ¶ 25, 646 P.2d at 1282–83.

4. Further, pursuant to 38 O.S. Supp.2003 § 18(1), a jury pool must be selected from county residents who are "eighteen (18) years of age or older, and who are holders of a current driver license or a current identification license issued by the Department of Public Safety." This selection of jurors primarily from driver's license holders, coupled with the fact that Oklahoma mandates that its drivers know of and comply with its compulsory automotive liability insurance laws, creates a situation in which the members of any given jury are potentially aware that an automobile negligence defendant is required to carry liability insurance.

demonstrated by the ratio of the verdict to the amount of Breen's medical expenses caused by the accident, which it claims to be approximately 50:1. A jury verdict may be set aside as excessive or a remittitur may be granted only if it appears that "the verdict is so excessive as to strike mankind, at first blush, as being beyond all measure unreasonable and outrageous, showing the jury to have been actuated by passion, partiality, prejudice or corruption." *Elmore v. Doenges Bros. Ford, Inc.,* 2001 OK CIV APP 27, ¶ 12, 21 P.3d 65, 70 (citing *Currens v. Hampton,* 1997 OK 58, ¶ 10, 939 P.2d 1138, 1141). Determination of whether a mistrial or a new trial was warranted based on prejudice depends on the facts and circumstances of each case. *Hutton v. Lowry,* 1968 OK 114, ¶ 13, 444 P.2d 812, 814–16 (holding that reference to the defendant's insurance at trial "is harmless unless the defendant's rights are prejudiced thereby" and whether such prejudice has occurred "depends essentially upon the facts and circumstances of each case"). The fundamental and controlling question is whether the reference to insurance has prevented defendant from having a fair trial of the issues. *See Batts v. Carter,* 1957 OK 135, 312 P.2d 472.

¶ 15 More importantly for this case, that issue must be resolved from the record on appeal, and it is Gardner's duty to provide that record. *Hamid v. Sew Original,* 1982 OK 46, ¶ 6, 645 P.2d 496, 497. This record does not contain any of the initial pleadings, the pretrial order, the jury instructions or any evidence related to the medical evidence presented establishing the injury for which Breen recovered. Likewise, there is nothing to establish how the jury apportioned damages between actual damages and other elements of damage. Therefore, the ratio argument presents nothing more than a mathematical calculation devoid of any context by which any claimed prejudice may be determined. As a result, Gardner has failed to establish any abuse of discretion by the district court in denying his motions for mistrial and new trial.

## CONCLUSION

¶ 16 We do not find that the trooper's testimony in this case informed the jury that Gardner had liability insurance or that a judgment against him would be paid by an insurance company. Therefore, we find the trooper's testimony regarding insurance does not contravene any principle announced in *Redman v. McDaniel,* and related cases. Further, Gardner failed to provide a record from which it could be determined whether the amount of damages awarded to Breen was excessive or resulted from prejudice. Therefore, we find the district court did not err in denying Gardner's motion for mistrial or his motion for new trial. The decisions of the district court which are the subject of this appeal are affirmed.

¶ 17 **AFFIRMED.**

BARNES, P.J., and WISEMAN, J., concur.